Simoniz Company, Plaintiff-Appellant, v. J. Emil Anderson & Sons, Inc., Wendnagel & Co., Inc., and Bethlehem Steel Company, Defendants-Appellees.

Gen. No. 66–20.

Third District.

April 4, 1967.

McKay, Moses, McGarr & Gibbons, of Chicago, for appellant.

Gilbert E. Graham, Stevenson, Conaghan, Hackbert, Rooks and Pitts, and Petit, Olin, Fazio and Safeblade, all of Chicago, and Swain & Dusenbury, of Kankakee, for appellees.

ALLOY, J.

This is an appeal from an order of the Circuit Court of Kankakee County allowing a motion to dismiss, by each of three defendants, to a complaint filed by Simoniz Company as plaintiff as against J. Emil Anderson & Sons, Inc., Wendnagel & Co., Inc., and Bethlehem Steel Company, as defendants. This cause is, therefore, before us solely on the pleadings. In the complaint filed by Simoniz Company it sought to recover $18,995.21 for

damage to property resulting from the collapse of a portion of the roof of its building.

The complaint consisted of seven counts. The first three counts were directed as against defendant J. Emil Anderson & Sons, Inc., the general contractor which built the building. In these counts there were charges of breaches of express and implied warranty and negligence. In the following two counts the defendant Wendnagel & Co., Inc., as the steel erection subcontractor (which had no direct contractual relationship to plaintiff Simoniz), was charged with breach of implied warranty and negligence. In the final two counts defendant Bethlehem Steel Company, as manufacturer and supplier of the bar joists in the roof of the building (which also had no direct contractual relationship with Simoniz), was charged with breach of implied warranty and negligence.

The complaint disclosed that the building had been completed in September 1953. In the complaint filed by Simoniz, it was asserted that the design, materials and workmanship of the roof were defective when furnished in 1953. The roof segment collapsed on August 6, 1962. The complaint was filed on June 8, 1964. Each defendant filed a motion to dismiss on the ground that the action for property damage had not been filed within the time limited by law. The significant issue before this court is whether or not, on the basis of the facts as set forth in plaintiff's complaint, such complaint was filed within the proper time limitation.

On appeal in this court, plaintiff-appellant Simoniz contends that the lower court erred in sustaining the motions to dismiss as to each of the defendants on the basis that, in each case, the cause of action did not accrue at the time of the completion of the premises in September of 1953 (the date of completion of the building and its delivery). It contends that, since the defect in construction and manufacture of the building was latent and undiscoverable, the cause of action did not accrue until

the defect resulted in manifest and visible damage, i. e. when the roof actually collapsed. Defendants all contend that the cause of action accrued in September of 1953, when construction was completed.

Defendant Anderson, the contractor, contends that the five-year statute of limitations applies (1965 Ill Rev Stats, c 83, § 16), and also that the ten-year statute of limitations applies (c 83, § 17) since the complaint was filed almost 11 years after the alleged negligent act or breach of contract. It is asserted in this connection that since there was no fraudulent concealment pleaded (1965 Ill Rev Stats, c 83, § 23), that the cause of action accrued at the time of completion of construction and delivery of the building. Defendant Anderson also contends that the cause of action is barred by the provisions of section 24(f), chapter 83, 1965 Illinois Revised Statutes, which provides for a four-year period of limitation for persons performing or furnishing the design, planning, supervision or construction of an improvement to real estate. Anderson also contends that the action is barred by a provision of the written contract relating to a one-year period of warranty. While we do not attach significance to this contention, in view of our determination in this case, we do not find it necessary to discuss such provision. Defendant Wendnagel set up the same defenses. Defendant Bethlehem Steel Company set up the defenses of statute of limitations and the protection of section 24(f) of chapter 83 hereinabove referred to.

It appears from the complaint that Anderson, as contractor, had undertaken by contract to erect a warehouse in Kankakee, Illinois, according to certain specifications. By the terms of this agreement, plans and specifications for this structure provided that the roof would be supported by bar joists. The bar joists were manufactured by Bethlehem. Anderson subcontracted with Wendnagel to perform the necessary steel erection work including the placement and welding of the bar joists. The structure

431

was completed and accepted by Simoniz in September of 1953. At approximately 3:00 a. m. on August 6, 1962, a portion of the roof, being approximately 500 square feet in area, collapsed. The complaint states that the collapse of the roof was due in whole or in part to defects in workmanship, materials or design, one or the other, or all of the causes. It also avers that inspection of the roof after the collapse revealed defects in materials, workmanship and design. It was also alleged that the Bethlehem products contained defective welds, variations from specified dimensions and were otherwise defective.

■ It is emphasized that Simoniz first learned of the defects when the roof actually collapsed. It was necessary for Simoniz to employ experts to conduct an x-ray examination of the steel supports to determine the cause of the collapse. The inspection disclosed, apparently, that the roof collapsed because of latent defects in design, materials and workmanship. The complaint alleges specifically that the defects in design, materials and workmanship all contributed to the collapse of the roof and all defendants are charged with contributing to these defects and are alleged to be jointly and severally responsible for the damages sustained by Simoniz. For the purposes of consideration of this case, it is presumed that the defendants are at fault as alleged in the complaint and that damage was sustained as a result of the breaches of duty of the various defendants.

It is asserted by plaintiff that while the wrongful conduct took place in 1952 and 1953, no notice or knowledge of the wrongful conduct came to the attention of plaintiff until the damage actually occurred in 1962. In seeking to meet the issues directly, Simoniz asserts that its cause of action was not barred by the general statute of limitations in actions governing recovery for damage to property. It recognizes that the general statute of limitations for actions to recover for damage to property provides that the suit must be commenced within five years after

the cause of action accrues (1965 Ill Rev Stats, c 83, § 16). It is contended by appellant, however, that insofar as such statute is concerned the cause of action did not accrue on September 20, 1953, when the building was completed and accepted but on August 6, 1962, when the roof collapsed, and as a consequence the action was filed well within the five-year period provided by such statute.

Appellant contends that where the nature of the wrong done is concealed or latent the statute does not begin to run until the party knows or should know that he has been injured. It is vigorously contended that this "know or ought to know" rule should be applied. Appellant cites in support of this position Urie v. Thompson, 337 US 163 (involving silicosis) and other related cases. Appellant also cites Mosby v. Michael Reese Hospital, 49 Ill App2d 336, 199 NE2d 633, where the court reluctantly adopted the prior Illinois malpractice decisions denying relief to a plaintiff. Appellant points out that the Illinois Legislature thereafter expressly adopted the "know or ought to know" rule as to malpractice cases when the section was amended in 1965 (1965 Ill Rev Stats, c 83, § 22.1). The legislature then provided that the period of limitation for filing an action for damages does not begin until the person actually knows or should have known of the facts of hurt and damage to his body and further provides, however, that no such action may be commenced more than ten years after such treatment or operation.

It is urged that this court adopt an interpretation that the cause of action did not accrue in the instant case until the roof actually collapsed. In support of this position the appellant refers to certain cases from other jurisdictions and also to the line of cases which hold that a cause of action for negligently failing to shore up mining excavations does not accrue within the meaning of the statute of limitations until the surface actually subsides (Wanless v. Peabody Coal Co., 294 Ill App 401, 13 NE2d 996; Treece v. Southern Gem Coal Corp., 245 Ill App

113). In these cases, following the old English case of Bonomi v. Backhouse, 121 Eng Reprint 652, the courts have felt that mining was of such nature that there could be no conceivable knowledge of any activity causing undermining until an actual subsidence of the land. In discussing these cases and others where consideration of the limitation period was involved, appellant points out that the purpose of a statute of limitations is to encourage one having a well-founded claim not to delay enforcing it beyond a reasonable time.

We have examined the authorities cited by appellant and the appellees as well as many others not cited by any of the parties. In the process of so doing we have sought to determine whether it is sound, on the basis of the precedents in this State, for this court to announce that Illinois, in cases of this type, was following or should follow the so-called "know or ought to know" rule. We have also been conscious of the section of the Illinois Act which provides (1965 Ill Rev Stats, c 83, § 23) that if there is fraudulent concealment of the cause of action from the knowledge of the person affected, the action could be commenced at any time within five years after the person entitled to bring the action discovers that he has such cause of action. There is no allegation that there was any fraudulent concealment in the present case. As stated by the court in Poole v. Terminix Co. of Maryland and Washington, Inc., 200 F2d 746, where the action was based on implied warranty in doing a workmanlike job of insulating certain premises against termites, the court stated at page 746:

> "No contention is made in the present case upon the basis of fraud, either actual or constructive. Accordingly the general rule that limitations begin to run from the time of breach, Zellan v. Cole, 1950, 87 US App DC 9, 183 F2d 139, applies. This conforms with the purpose of statutes of limitation to bring

434

repose and to bar efforts to enforce stale claims as to which evidence might be lost or destroyed. See Bailey v. Glover, 1874, 21 Wall 342, 88 US 342, 22 L Ed 636. In some cases no doubt this rule leads to hardship, but the rule for which plaintiff contends often would have like consequences. We must give effect to the policy which bars litigation due to contract breaches which occurred a longer time prior to the institution of the litigation than the number of years of the applicable statute of limitations."

While we have a great deal of sympathy for the position of the appellant in this case, we feel that we are in the same position as was the court in Mosby v. Michael Reese Hospital, 49 Ill App2d 336, 199 NE2d 633. We recognize that there are a number of exceptions to the operation of the statute of limitations, but we cannot justify the conclusion that lack of knowledge on part of a claimant would be the basis for such exception. In the Mosby case the defendant hospital had left a surgical needle in the body of plaintiff during the course of an operation. The presence of the needle in the plaintiff's body and the injury and damage were not detected for almost five years, when the plaintiff filed her complaint. The court there held that plaintiff's cause of action accrued when the wrongful act of leaving the needle in her body was committed and her claim was thus barred by the two-year statute of limitations governing actions for personal injuries. The court reluctantly came to such conclusion and suggested that it was a problem for the legislature to determine the period within which the cause of action should be deemed to have accrued. As pointed out by appellant, the legislature acted in response to the court's suggestion and specifically provided that in such malpractice cases, the period of limitation did not begin until the person actually knows or should have

known of the facts and hurts to his body, but also inserted a limitation in a proviso that in no case shall the action be commenced more than ten years after the treatment or operation. It thus established a legislative policy in connection with malpractice cases. To carry this doctrine into the cases of the type before us, in our judgment, would amount to invading the province of the legislature. We have the same reluctance as expressed in the Mosby case and can only reiterate what was said in that case (at page 338) :

> "The greater weight of authority is that the statute of limitations commences when the negligent act takes place and that the statute is not tolled by the plaintiff's ignorance of his injury."

In the Mosby case the court also stated (at page 339) :

> "In Illinois it has been held (in non-personal injury cases) that a plaintiff's ignorance of the cause of action does not delay the operation of the statute. In Lancaster v. Springer, 239 Ill 472, 88 NE 272, a suit to establish a trust and for an accounting, the court said:
>
> > " 'The failure of the complainants to learn of the existence of their cause of action does not prevent the operation of the Statute of Limitations.'
>
> "Jackson v. Anderson, 355 Ill 550, 189 NE 924, was an action by stockholders to cancel an issue of corporate stock which had not been paid for. The stockholders alleged that they were unaware of the issuance of the stock by the officers of the corporation until after the statute of limitations had run. The court said that this did not prevent the running of the statute. In personal injury cases it has been

held that the cause of action accrues and the statute of limitations starts to run when the act complained of took place. In Leroy v. City of Springfield, 81 Ill 114 (1876) the court stated:

" 'Appellant asks, when shall it be said the cause of action arose, as, in many cases, the extent of the injury cannot be known for a long time?

" 'The principle, we understand, is, that the cause of action arises at the time the injury was done, and the statute begins to run from that day.' "

■ Since there was no fraud or concealment on the part of any of the defendants and since the Illinois precedents and the statute of limitations as expressed in this State do not justify the adoption of the "know or ought to know" rule in cases such as we have before us, we must conclude that the trial court correctly determined that the action was barred by the five-year statute of limitations applicable in this case. We have noted that the legislature, when confronted with the problem of the time of accrual of a cause of action in the malpractice cases, saw fit only to amend that act and limit it to malpractice cases. The amended act permits the injured party to count the time for commencement of action from the time he knows or should have known of the negligent act, but even in such case, the legislature limited the potential claim to a maximum of 10 years from the date of the incident giving rise to the malpractice claim.

■ The statute of limitations is a creature of legislative action. The public policy of this state has found expression through the legislature in vesting certain rights and in limiting others, and in prescribing the time within which such rights or claims should be asserted. While we recognize the potential inequity of the denial of relief from the operation of the limitation act in a case such as

we have before us, we also recognize the basic policy behind statutes of limitation. As expressed in the case of Mosby v. Michael Reese Hospital, supra, at 340:

> "A statute of limitations is designed to prevent recovery on stale demands. It is a statute of repose which gives a defendant a reasonable opportunity to investigate a claim and to prepare his defense within a time when the facts are still accessible and witnesses are still available. Although such a statute serves a laudable purpose in preventing old and vexatious demands, it also arrests meritorious claims. Such is the situation here."

To seek to modify the limitation act by use of the "know or ought to know" principle in this case cannot be justified on the basis of precedents. In theory, damage actions would never be completely limited but might go on for 25 or 50 or even 100 years when it would be impossible to meet or cope with demands made. Modifying or changing the applicable time limitations, on the basis of the precedents in this State, must be left to the legislature.

In view of our conclusion in this cause it is not necessary for us to consider the applicability of section 24(f) of chapter 83, 1965 Ill Rev Stats, upon which defendants also rely.

We must, therefore, conclude that the order of the Circuit Court of Kankakee County, Illinois, was proper and should be affirmed.

Affirmed.

STOUDER, P. J. and CORYN, J., concur.