IVAN W. WIGGINTON, Plaintiff-Appellee, *v.* REICHOLD CHEMICALS, INC., Defendant-Appellant.

(No. 69-100; )

Third District—September 30, 1971.

Heyl, Royster, Voelker & Allen, and Cassidy & Cassidy, both of Peoria, for appellee.

Frederick W. Allen and Gary Clark, both of Peoria, for appellant.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the circuit court of Marshall County, Illinois.

The plaintiff, Ivan W. Wiggington, brought suit on October 23, 1967, against Reichold Chemicals, Inc., the defendant, alleging that from January, 1963, through June, 1966, the defendant negligently sold certain defective chemical compounds to a business known as Sea Sled Industries, Inc. It is further alleged that during this period of time the plaintiff was an employee of Sea Sled Industries, Inc., and was exposed to and did breathe the vapors of isocyanates during the course of his employment. The plaintiff further alleged that the vapors caused illness to his respiratory system and that in June, 1966, he first discovered the toxic hazards and dangers of isocyanates and then knew or should have known the cause of his illness. A discovery deposition disclosed that plaintiff was employed by Sea Sled Industries, Inc., from March, 1963, to about April, 1964, the date when he was last physically present in the plant.

The plaintiff made conflicting statements as to when he first became ill. In a discovery deposition he stated the date to be in June, 1963, and that at that time he was x-rayed and treated by a physician. In a bill of particulars provided by the plaintiff he stated that he first became ill about the middle of January, 1964. For the purpose of this appeal the conflict in dates is immaterial since either date was clearly more than two years prior to the time the plaintiff filed suit against the defendant.

A motion for summary judgment was filed by the defendant on the grounds that the complaint of the plaintiff was barred by the two year limitation period applicable to personal injury actions. This motion was denied by the trial court and pursuant to Supreme Court Rule 308

(Chap. 110A, Sec. 308, Ill. Rev. Stat.), the case is now before us on one sole question of law which was certified by the trial court and which is as follows:

> "The question to be presented to the Appellate Court is whether or not in a tort action involving a personal injury allegedly caused by a defective product, the Plaintiff's cause of action accrues when the Plaintiff is first injured or hospitalized or whether the cause of action accrues when the Plaintiff initially knows or reasonably *should know that his alleged illness was caused by the Defen-*dant's product."

The statute in question is Chapter 83, Section 15, Illinois Revised Statutes, which is as follows:

> "Actions for damages for an injury to the person, or for false imprisonment, or malicious prosecution, or for a statutory penalty, or for abduction, or for seduction, or for criminal conversation, shall be commenced within two years next after the cause of action accrued."

The defendant urges that this court's function is to just determine the legislative intent concerning the limitations act's application and that the legislative intent was not to extend the "discovery" rule to a case such as the one here. They rely on *Mosby v. Michael Reese Hospital*, 49 Ill.App. 2d 336, 199 N.E.2d 633, in which the court refused to apply the "discovery" rule in a medical malpractice case involving a foreign object left in the patient's body. The court held it was the prerogative of the legislature to change the rule as to the time at which the limitations act would begin to run in a particular case and not that of the court. The defendant points out that after the decision in *Mosby* the legislature passed a statute which had the effect of creating an exception to the rule followed in that case. That statute provides for the application of the "discovery" rule in cases of foreign objects negligently left in a patient's body.

The defendant further argues that *Rozny v. Marnul*, 43 Ill.2d 54, 250 N.E.2d 656, intended to limit application of the discovery rule to cases where the passage of time would do little to increase problems of proof. The *Rozny* case involved an inaccurate land survey which was not discovered until after the passage of the applicable five year limitation rule. Our Supreme Court held that the statute of limitations did not bar the plaintiff's recovery because their cause of action accrued when they knew or should have known of the defendant's error. It is unquestioned that a land survey either is or is not accurate; it is not subject to statutory interpretation and the passage of time does nothing toward increasing the problem of proof. We can not, however, subscribe to the defendant's

contention that the *Rozny* case restricted the discovery rule to a very limited type of case, namely, one involving an improper land survey. We cannot concur with the defendant that in all tort cases the passage of time would increase problems of proof or entail the danger of false, fraudulent, frivolous, speculative or uncertain claims.

■■ It is undeniably a judicial function to determine and follow, where it is not legally interdicted, the legislative intention. (*Lipsey v. Michael Reese Hospital,* 46 Ill.2d 32, 262 N.E.2d 450.) However, based upon the reversal in the *Lipsey* case we cannot agree with the defendant's argument that there has been an expression by the legislature prohibiting the adoption of the discovery rule. Our Supreme Court in *Lipsey* stated:

> "After reviewing the decisions on the question we consider that the Limitations Act should not be given the narrow construction which was imposed in *Gangloff* and *Mosby.* Such a construction often brings 'obvious and flagrant injustice.' (Prosser, Law of Torts, (3rd ed. 1964), sec. 30.) We extend the rule of time of discovery followed by us in *Rozny* and hold that, in medical malpractice cases as this, the cause of action accrues when the person injured learns of his injury or should reasonably have learned of it. In this we join what Prosser has described as a 'wave of decisions' favoring the rule of time of discovery. *E.g.,* Yerzy v. Levine, 108 N.J. Super. 222, 260 A.2d 533; Yoshizaki v. Hilo Hospital, 50 Haw. 150, 433 P.2d 220; Frohs v. Greene, (Or.) 452 P.2d 564; Janisch v. Mullins, 1 Wash. App. 393, 461 P.2d 895 and also see 55 Ia. L. Rev. (1969), 486."

True the case before us is not one of malpractice, but involves a plaintiff who is allegedly diseased as the result of negligent disposition of a defective product on the part of the defendant. Assuming that the plaintiff had a cause of action, the question is, when did it accrue? Granted that the plaintiff in the case before us knew that he was ill, he nevertheless has alleged that he had no knowledge for some period of time as to the cause of that illness. It is further alleged that even plaintiff's doctor did not initially know what was causing his illness. To say that a cause of action accrues before a person had or should have had knowledge of it is absurd and a flagrant injustice.

■■ In cases involving a disease resulting from neglect, negligence or a defective product we believe that the more logical and tenable position is that the cause of action accrues and the statute of limitation begins to run when the diseased party discovered or should have discovered that he is ill as the result of some neglect or negligence on the part of another party or as the result of being wrongfully exposed to a defective

product. See *Urie v. Thompson,* 337 U.S. 163, 69 S.Ct. 1018, 11 A.L.R.2d 252; *Sylvania Electric Products, Inc. v. Barker,* 228 F.2d 842; *Brush Beryllium Co. v. Meckley,* 284 F.2d 797.

■■ By this opinion we in no way agree with the statement contained in the brief for the plaintiff that "Therefore, it makes no difference what type of an action for injury to the person is involved. Whether it be caused by malpractice, negligence, a defective product or any other, the time of accrual is the same." To subscribe to such a broad statement would in effect abrogate and nullify the limitations statute. This we do not desire or intend, but in factual situations such as presented in the case now before us where no trauma was present but a disease existed, the cause of which was not known for a long period of time, we believe that the "time of discovery rule" should be applied as it has been in medical malpractice cases. See *Lipsey v. Michael Reese Hospital, supra,* and medical malpractice foreign object cases, see Chap. 83, Sec. 22.1, Ill. Rev. Stat.

For the foregoing reasons the order of the circuit court of Marshall County denying defendant's motion for summary judgment is hereby affirmed.

Order affirmed.

ALLOY, P. J., and STOUDER, J., concur.