NORMAN McDONALD, Plaintiff-Appellee, *v.* REICHOLD CHEMICALS, INC., Defendant-Appellant.

(No. 69-101; ▮▮▮▮▮▮▮▮

Third District—September 30, 1971.

Heyl, Royster, Voelker & Allen, and Cassidy & Cassidy, both of Peoria, for appellant.

Gary Clark, of Peoria, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the circuit court of Marshall County, Illinois.

The plaintiff, Norman McDonald, brought suit on October 23, 1967, against Reichold Chemicals, Inc., the defendant, alleging that from January, 1963, through June, 1966, the defendant negligently sold certain defective chemical compounds to a business known as Sea Sled Industries, Inc. It was further alleged that during this period of time the plaintiff was an employee of Sea Sled Industries, Inc., and was exposed to and did breathe certain toxic vapors which caused a respiratory infection. The plaintiff alleged that it was in the month of June, 1966, that he first discovered the toxic hazards and dangers of the vapors and then knew or should have known the cause of his illness.

A discovery deposition and a bill of particulars disclosed that plaintiff first became ill in the month of July, 1963, and that he was hospitalized intermittently from September through December of 1963. The chemicals which allegedly emitted the toxic vapors were not used by the Sea Sled Industries, Inc. after July, 1964, at which time the plant ceased operation except for administrative work.

A motion for summary judgment was filed by the defendant on the grounds that the complaint of the plaintiff was barred by the two year limitation period applicable to personal injury actions. This motion was denied by the trial court and pursuant to Supreme Court Rule 308 (Chap. 110A, Sec. 308, Ill. Rev. Stat.), the case is now before us on the sole question of law which was certified by the trial court and which is as follows:

> "The question to be presented to the Appellate Court is whether or not in a tort action involving a personal injury allegedly caused by a defective product, the Plaintiff's cause of action accrues when the Plaintiff is first injured or hospitalized or whether the cause of action accrues when the Plaintiff initially knows or reasonably should know that his alleged illness was caused by the Defendant's product."

The statute in question is Chapter 83, Section 15. Illinois Revised Statutes, which is as follows:

> "Actions for damages for an injury to the person or for false imprisonment, or malicious prosecution, or for a statutory penalty, or for abduction, or for seduction, or for criminal conversation,

shall be commenced within two years next after the cause of action accrued."

The opinion delivered by this court in *Wiggington v. Reichold Chemicals, Inc.*, 133 Ill.App.2d 776, 274 N.E.2d 118, is controlling in the case now before us on appeal. With immaterial differences the factual situations in both are identical and the same law is to be followed, to-wit; when no trauma was present but a disease existed the cause of which was not known for a long period, we believe that the "time of discovery rule" should be applied as it has been in medical malpractice cases. See *Lipsey v. Michael Reese Hospital*, 46 Ill.2d 32, 262 N.E.2d 450, and medical malpractice foreign object cases, see Chap. 83, Sec. 22.1, Ill. Rev. Stat.

The order of the circuit court of Marshall County denying defendant's motion for summary judgment is hereby affirmed.

Order affirmed.

ALLOY, P. J., and STOUDER, J., concur.