PAUL COUMOULAS, Plaintiff-Appellant, *v.* SERVICE GAS, INCORPORATED, Defendant-Appellee.

(No. 71-358;

Second District—February 27, 1973.

Tyler & Peskind, of Aurora, for appellant.

Robert J. Bourelle, of Wheaton, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The plaintiff, Paul Coumoulas, filed an action against Service Gas Incorporated, the defendant, in 1971. He alleged that he incurred damages in 1966 from a fire caused by defendant's negligent installation of a gas broiler in 1959. Defendant filed a motion to dismiss on the ground that the action was not instituted within 5 years after the cause of action accrued as required by Ill. Rev. Stat. 1971, ch. 83, sec. 16.[1] Plaintiff appeals from the order which granted defendant's motion and dismissed the cause.

Plaintiff has argued solely that the cause of action did not *accrue* within the terms of the limitation statute until the fire. He contends that the statute of limitations does not begin to run on a cause of action for negligence until the claimant suffers damage proximately caused by negligence. Defendant contends that plaintiff sustained a legal injury when the broiler was improperly installed even though the full extent of the injury or damages sustained was not then ascertainable.

■■ In ruling on the motion to dismiss, the truth of the allegations made in the complaint are admitted. Essentially the complaint alleged that plaintiff employed the defendant to install the broiler, that defendant was negligent in that he failed to use proper methods of installation customary in the trade and failed to install proper insulation between the broiler and the wall behind it, and that defendant's negligence caused the later fire.

■■ A cause of action based on negligence may be said to accrue when all the elements of the action are present, including a legal duty, the breach of that duty, and injury resulting from such failure. (*McClure v. Hoopeston Gas Co.* (1922), 303 Ill. 89, 96.) An action in tort has been held to "accrue" as that term is used in limitation statutes, at the time of wrongful invasion of personal or property rights, even though the nature and full extent of the injury or damages is not then determined. (*Sabath v. Morris Handler Co.* (1969), 102 Ill.App.2d 218, 229; *Austin v. House of Vision, Inc.* (1968), 101 Ill.App.2d 251, 256-257.) Here, an injury occurred at the time of the negligent installation, and plaintiff at that time would have been entitled to sue to recover damages to remedy the defective installation. His cause of action was therefore complete, with

---

[1] "* * * actions * * * to recover damages for an injury done to property, real or personal, * * * shall be commenced within 5 years next after the cause of action accrued."

the necessary elements of duty, breach, and injury. The later fire was an event which increased the damage but did not give rise to plaintiff's cause of action.

There are a number of cases from foreign jurisdictions which have held to the contrary on apparently similar facts. (*E.g., White v. Schnoebelen* (N.H. 1941), 18 A.2d 185, 187; *Theurer v. Condon* (Wash. 1949), 209 P.2d 311, 314-315; *Essex Kitchener Wire Corp. v. M. H. Hilt Co.* (7th C.A. 1959), 263 F.2d 599, 602.) But in other jurisdictions results similar to ours have been reached. (*E.g., Wellston Co. v. Sam N. Hodges, Jr., & Co.* (Ga. 1966), 151 S.E.2d 481, 482-483; *Kennedy v. Local 38, United Brewery F., C., S., D. & D.W.* (Mich. 1966), 143 N.W.2d 596, 598; *Metal Structures Corp. v. Plains Textiles, Inc.* (Tex. 1971), 470 S.W.2d 93, 98.) Recent Illinois cases which have ruled on complaints for property damage against which the statute of limitations has been interposed as a defense have either held or assumed that the cause of action accrued when a breach of duty occurred, with injury in the sense of an invasion of a legal right, even though the full nature and extent of the damages from the injury were not then known. *Sabath v. Morris Handler Co.* (1969), 102 Ill.App.2d 218; *Austin v. House of Vision, Inc.* (1968), 101 Ill.App.2d 251; *Simoniz Co. v. J. Emil Anderson & Sons, Inc.* (1967), 81 Ill.App.2d 428; *Wilson v. White Motor Corp.* (1969), 118 Ill.App.2d 436; *Board of Ed. C.H.S.D. No. 88 v. Perkins & Will Partnership* (1970), 119 Ill.App.2d 196.

Plaintiff contends that these cases have not decided whether a cause of action accrued at the time of the negligent act, and have been concerned with whether the statute commenced running at the time of the discovery of the existence of that cause of action rather than upon its accrual. However, implicit in the cases is the conclusion that there was an injury which completed the cause of action at the time of the negligent act. The question before the court then became one of policy: whether, to avoid injustice, the applicable limitations statute should begin to run when the plaintiff had in fact discovered that he had suffered the injury or by the exercise of reasonable care should have discovered it.

The "discovery" rule, which has been applied in Illinois in carefully circumscribed cases (See *Rozny v. Marnul* (1969), 43 Ill.2d 54; *Lipsey v. Michael Reese Hospital* (1970), 46 Ill.2d 32; *Wigginton v. Reichold Chemicals, Inc.* (1971), 133 Ill.App.2d 776, 274 N.E.2d 118; *McDonald v. Reichold Chemicals, Inc.* (1971), 133 Ill.App.2d 780, 274 N.E.2d 121), does not appear to have been extended to include the recovery of property damage due to negligence under circumstances similar to those before us. However, we are not faced with this question, as it has not been

placed in issue here by the plaintiff. The complaint does not allege that plaintiff did not discover the negligence prior to the fire, nor has he argued that we should apply the "known or should have known" rule here.

██ We therefore rule solely upon the issue presented to us and find that cause of action accrued in 1959 at the time of the defective installation and was therefore barred in 1971 when the complaint was filed.

We affirm the judgment below which dismissed the action.

Affirmed.

T. MORAN and GUILD, JJ., concur.