MICHAEL AUSTER, JR., et al., Plaintiffs-Appellants, v. GEORGE FRED KECK et al., individually and d/b/a GEORGE FRED and WILLIAM KECK, et al., Defendants.—(GEORGE FRED KECK et al., individually and d/b/a GEORGE FRED and WILLIAM KECK, Defendants-Appellees.)

(No. 73-238;

Second District (1st Division)—August 13, 1975.

Charles B. Bernstein, Max Chill, and Herman Chill, all of Chicago, for appellants.

Julian Johnson, of Snyder, Clarke, Dalziel, Holmquist & Johnson, of Waukegan, for appellees.

Mr. JUSTICE HALLETT delivered the opinion of the court:

According to the complaint as amended, in 1960, a home in Highland Park, designed by defendant architects Keck and Keck, was built for defendants Isaacsons. In 1969, although they then knew that the ceilings were defective, the Isaacsons sold the home to the plaintiffs without disclosing that fact to them. Beginning in January of 1971 and continuing through March of 1972, the ceilings of various rooms collapsed, and in May of 1972, the plaintiffs sued (1) the Isaacsons for failure so to disclose and (2) the Kecks for architectural malpractice in that the design of the home was faulty for lack of an intervening vapor barrier. The complaint, as amended, also alleged damages and that the "plaintiffs had no knowledge of said latent defect and no means of learning of said defect, nor any reason to know of said defect until after the purchase of said premises, when the ceiling collapsed."

The Kecks moved to dismiss on the sole ground that the plans and specifications were prepared in August of 1960 and the house constructed shortly thereafter and that therefore the action was barred by a statute (Ill. Rev. Stat. 1959, ch. 83, § 16) providing that such actions must be commenced within 5 years next after the cause of action accrued. The trial court granted that motion, thus taking the Kecks out of the case but leaving the plaintiffs' Count I against the Isaacsons. The court found no just reason to delay enforcement or appeal and the plaintiffs appeal.

The real question before us is—when did said statute begin to run—when the alleged architectural malpractice occurred or when the victims discovered it as the ceiling collapsed? We conclude that the latter version is correct and therefore reverse and remand.

The question so posed is not an easy one to answer and has long troubled and still troubles legislators, lawyers and the courts.

The statute involved (Ill. Rev. Stat. 1959, ch. 83, § 16), in pertinent part, provided as follows:

"Actions * * * to recover damages for an injury done to property, real or personal, * * * and all civil actions not otherwise provided for, shall be commenced within five years next after the cause of action accrued."

Unless the Illinois cases on this issue are read in strict chronological sequence and with proper deference to supreme court rather than appellate court decisions, they appear to be in hopeless confusion.

In *Mosby v. Michael Reese Hospital* (1964), 49 Ill.App.2d 336, 199 N.E.2d 633, a doctor left a needle in the patient and it was only discovered during another operation more than 2 years later. The First District Appellate Court held that the statute started to run when the incident itself occurred and had, therefore, run before the discovery, but, at page 342, admitted that it "was not pleased with this result."

In *Simoniz Co. v. J. Emil Anderson & Sons, Inc.* (1967), 81 Ill.App.2d 428, 225 N.E.2d 161, a roof collapsed more than 5 years after the defendant built it and the Third District Appellate Court, citing *Mosby*, refused to apply a "know or ought to know" rule and held the action barred.

In *Sabath v. Morris Handler Co.* (1968), 102 Ill.App.2d 218, 243 N.E. 2d 723, the First District Appellate Court (but composed of judges of the Second District), indicated at pages 228-29 that they were not about to apply the "know or ought to know" rule but this is really *dicta* because the trial court's dismissal on the basis of the statute was reversed.

In *Board of Education v. Joseph J. Duffy Co.* (1968), 97 Ill.App.2d 158, 240 N.E.2d 5, Perkins and Will, an architectural firm, designed a high school and Duffy built it, using those plans. More than 5 years later, the School District sued Duffy, who filed a third-party complaint against Perkins. This (Second District) court, citing *Simoniz* and *Mosby*, held the action barred.

The supreme court's first venture into this area came in 1969 in *Rozny v. Marnul* (1969), 43 Ill.2d 54, 250 N.E.2d 656. There a land surveyor made an error in a survey in 1953, in which year a house was built on the lot described. In 1962, a purchaser from the original owner discovered the error and had to move his house 2 feet and his garage 6 feet, at a cost of some $13,000. In holding that the statute did not bar the action, the court, at pages 72-73, said:

> "We accordingly hold, in keeping with the more recent authorities and the legislative policy manifested by our General Assembly, that the Statute of Limitations does not bar plaintiffs' recovery, because their cause of action 'accrued' when they knew or should have known of the defendant's error and they clearly brought suit within 5 years of that time."

In *Wilson v. White Motor Corp.* (1969), 118 Ill.App.2d 436, 254 N.E.2d 277, the plaintiff bought a truck in April of 1962, which repeatedly broke down and was repaired. In August of 1967, he sued and his suit was

dismissed on the ground that the 5-year statute barred it. This (Second District) court, citing *Sabath* and *Duffy* and concluding, at page 440, that *Rozny* (which had just come down) "is limited in its application to cases within section 24(g)," affirmed the dismissal.

In *Board of Education v. Perkins & Will Partnership* (1970), 119 Ill. App.2d 196, an architectural mistake in plans for a high school caused damages years later. In holding the action barred, this (Second District) court, although citing and discussing *Marnul*, concluded, at page 201, that:

> "It seems to us that the application of the discovery rule to all causes of action is such a broad and sweeping change in the law as to be beyond the power of the Courts. It is a matter of policy best decided by the Legislature."

In *Williams v. Brown Manufacturing Co.* (1970), 45 Ill.2d 418, 261 N.E.2d 305, the supreme court again had an opportunity to pass on the issue. There the plaintiff was hurt by a "trencher" manufactured by the defendant more than 2 years before. Citing *Rozny*, the court, at page 432, held that the action accrued "when plaintiff first knew of his right to sue" and that the action was, therefore, not barred.

In 1970, the supreme court handed down its decision in *Lipsey v. Michael Reese Hospital*, 46 Ill.2d 32, 262 N.E.2d 450. In our view, this, in effect, renders all earlier decisions obsolete. There it was alleged that the defendant doctor negligently misdiagnosed the plaintiff's condition as not cancerous, and that the 3-year delay until the error was discovered caused her to lose an arm, a shoulder and a breast. In reversing the dismissal of the case, our supreme court, after reviewing many of the cases above discussed, at page 40, concluded as follows:

> "After reviewing the decisions on the question we consider that the Limitations Act should not be given the narrow construction which was imposed in *Gangloff* and *Mosby*. Such a construction often brings 'obvious and flagrant injustice.' (Prosser, Law of Torts, (3rd ed. 1964), sec. 30.) We extend the rule of time of discovery followed by us in *Rozny* and hold that, in medical malpractice cases as this, the cause of action accrues when the person injured learns of his injury or should reasonably have learned of it. In this we join what Prosser has described as a 'wave of decisions' favoring the rule of time of discovery. E.g., *Yerzy v. Levine*, 108 N.J. Super. 222, 260 A.2d 533; *Yoshizaki v. Hilo Hospital*, 50 Haw. 150, 433 P.2d 220; *Frohs v. Greene*, (Ore.) 452 P.2d 564; *Janisch v. Mullins*, 1 Wash.App. 393, 461 P.2d 895 and also see 55 Ia.L.Rev. (1969), 486."

In *Wigginton v. Reichold Chemicals, Inc.* (1971), 133 Ill.App.2d 776,

274 N.E.2d 118, and *McDonald v. Reichold Chemicals, Inc.* (1971), 133 Ill.App.2d 780, 274 N.E.2d 121, the plaintiff became diseased because of a defective chemical sold to his employer years before. Citing *Lipsey,* the Third District Appellate Court affirmed the trial court's refusal to enter summary judgment for the defendant.

In *Coumoulas v. Service Gas, Inc.* (1973), 10 Ill.App.3d 273, 293 N.E. 2d 187, a gas burner installed in 1959 caused a fire in 1966. After citing and discussing most of the Illinois cases above discussed, plus many from other jurisdictions, this (Second District) court affirmed the dismissal of the action but, as pages 275-76, pointed out:

> "The 'discovery' rule, which has been applied in Illinois in carefully circumscribed cases (See *Rozny v. Marnul* (1969), 43 Ill.2d 54; *Lipsey v. Michael Reese Hospital* (1970), 46 Ill.2d 32; *Wigginton v. Reichold Chemicals, Inc.* (1971), 133 Ill.App.2d 776, 274 N.E.2d 118; *McDonald v. Reichold Chemicals, Inc.* (1971), 133 Ill.App.2d 780, 274 N.E.2d 121), does not appear to have been extended to include the recovery of property damage due to negligence under circumstances similar to those before us. *However, we are not faced with this question, as it has not been placed in issue here by the plaintiff. The complaint does not allege that plaintiff did not discover the negligence prior to the fire, nor has he argued that we should apply the 'known or should have known' rule here.*
>
> *We therefore rule solely upon the issue presented to us* and find that cause of action accrued in 1959 at the time of the defective installation and was therefore barred in 1971 when the complaint was filed.
>
> We affirm the judgment below which dismissed the action." (Emphasis ours.)

It should be noted that, in the case at bar, the plaintiff expressly alleges that they "had no knowledge of said latent defect and no means of learning of said defect nor any reason to know of said defect until after the purchase of said premises, when the ceiling collapsed."

In *Kohler v. Woollen, Brown & Hawkins* (1973), 15 Ill.App.3d 455, 304 N.E.2d 677, the defendant attorneys failed to file demands for arbitration of claims for wrongful death under uninsured motorist coverage within 2 years of the date of the deaths and were sued for legal malpractice within 5 years after the plaintiff administrator learned of such failure although not within 5 years of the failure itself. Citing *Rozny* and *Lipsey,* the Fourth District Appellate Court applied the "discovery" rule and held that the action was not barred.

In the light of the foregoing, we now apply the emerging "discovery"

66

or "knew or should have known" rule reflected in *Rozny, Williams, Lipsey, Wigginton, McDonald* and *Kohler,* to the facts of this case and hold that the statute did not start to run until the ceiling fell, which was well within 5 years of the filing of the present action. We, therefore, reverse the judgment order granting the defendant Kecks' motion to dismiss and remand the cause for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded with directions.

SEIDENFELD, P. J., and GUILD, J., concur.