E. J. KORVETTE, DIVISION OF SPARTAN INDUSTRIES, INC., Plaintiff-Appellant, *v.* ESKO ROOFING COMPANY *et al.*, Defendants-Appellees.

First District (5th Division)    No. 61364

Opinion filed May 14, 1976.—Modified upon denial of rehearing June 18, 1976.

Clausen, Miller, Gorman, Caffrey & Witous, of Chicago (James T. Ferrini and Stuart Smith, of counsel), for appellant.

McBride, Baker, Wienke & Schlosser, of Chicago, for appellees H. F. Campbell Company and Campbell Engineering, Inc.

Schaffenegger & Watson, Ltd., of Chicago (Dodge Wells and Jack L. Watson, of counsel), for appellee Esko Roofing Company.

Kurt L. Schultz and Gregory A. Adamski, of Chicago (Winston & Strawn, of counsel), for appellee Owens-Corning Fiberglas Corporation.

Mr. JUSTICE DRUCKER delivered the opinion of the court as modified upon denial of petition for rehearing:

Plaintiff brought this action, sounding in negligence, alleging that defendants, due to their defective design work and construction workmanship and their use of defective materials, are responsible for wind damage to the roof of its warehouse in Addison, Illinois. Defendants

moved to dismiss the complaint on the ground that it is barred by the statute of limitations (Ill. Rev. Stat. 1973, ch. 83, par. 16)[1] and these motions were granted.

The sole issue raised by plaintiff on appeal is whether a cause of action for negligence can be barred before any damage results from that negligence and before plaintiff knew or could have known of the damage to its property.

The complaint in the instant action was filed on November 25, 1970. It alleged that on November 26, 1965, plaintiff was the owner and in possession of a warehouse located in Addison, Illinois. Defendant, H. E. Campbell Company, was the general contractor which supervised construction of the building in accordance with designs and specifications prepared by defendant, Campbell Engineering, Inc. Defendant Esko Roofing Company, the subcontractor which installed the roof of the building, was supervised in its work by defendant Owens-Corning Fiberglas Corporation which also supplied the materials used in constructing the roof. Plaintiff concedes that all construction on the building had been completed by July 3, 1964.

Plaintiff alleged that on November 26, 1965, February 15, 1967, and July 26, 1969, winds in excess of 50 miles per hour occurred in the vicinity of the warehouse. During these storms" * * * roofing material, coping and trim * * * [were torn] loose and were blown away, causing Plaintiff to incur expenses in the amount of $15,000.00 to repair said damage." Plaintiff alleged that defendants' defective design, construction workmanship and use of defective materials were the direct and proximate causes of its damages. Plaintiff further alleged that it "did not and could not have known of the defect in the roof as aforesaid, and the within action has been brought within the time thereafter permitted by law."

Defendants moved to dismiss the complaint on the ground that it was barred by the statute of limitations. In granting these motions the trial court found that the alleged acts of negligence were committed on or before the date on which the construction of the roof was completed, that is, July 3, 1964; that plaintiff's action accrued on July 3, 1964; that the action was not commenced until November 25, 1970, and that therefore the action was barred since it was not commenced within the five-year statute of limitations.

Opinion

██ The sole contention raised by plaintiff is that the trial court erred in holding its cause of action accrued on July 3, 1964. It is plaintiff's

---

[1] Ill. Rev. Stat. 1973, ch. 83, par. 16, provides in pertinent part:

"* * * actions * * * recover damages for an injury done to property, real or personal * * * shall be commenced within 5 years next after the cause of action accrued."

position that its cause of action did not accrue until November 26, 1965, when its warehouse first suffered wind damage and the date on which it could first have been reasonably expected to discover defendants' alleged negligence.

Traditionally the statute of limitations has been held to run from the time that the last act giving rise to the cause of action has occurred. (*Gray v. American Radiator & Standard Sanitary Corp.*, 22 Ill. 2d 432, 176 N.E.2d 761; *Madison v. Wedron Silica Co.*, 352 Ill. 60, 184 N.E. 901.) Thus, when a tortious act has been completed, the statute begins to run, and historically it has not been tolled by the wronged party's lack of knowledge or complete ignorance of the tortfeasor's negligence. (See *Gates Rubber Co. v. U.S.M. Corp.*, 508 F.2d 603 (7th Cir. 1975).) In the instant case, under this rule, the statute would have begun to run, at the latest, on July 3, 1964, the date construction of the warehouse was completed, and, consequently, plaintiff's commencement of the action of November 25, 1970, would have been outside of the five-year limitation period.

However, in recent years an alternative position has been forwarded— that a cause of action does not accrue until a plaintiff has knowledge or should have knowledge of the defendant's wrongful acts. (*Rozny v. Marnul*, 43 Ill. 2d 54, 250 N.E.2d 656.) *Rozny* dealt with an error in a land survey made in 1953 that was not discovered until 1962. The supreme court held that the statute of limitations did not begin to run until the surveyor's error was discovered. More recently, in *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.*, 61 Ill. 2d 129, 334 N.E.2d 160, the supreme court applied the time of discovery rule in a case in which the plaintiff charged that the defendant falsely reported its financial condition to a third party. The plaintiff alleged that it first learned of defendant's defamatory report after the one-year statutory limitation period for such actions had run. (Ill. Rev. Stat. 1971, ch. 83, par. 14.) The court, in reaching its decision that plaintiff's cause of action was not barred by the statute of limitations, exhaustively discussed the applicability of the time of discovery rule. It noted that the rule has been applied in actions alleging medical malpractice (*Lipsey v. Michael Reese Hospital*, 46 Ill. 2d 32, 262 N.E.2d 450); products liability (*Berry v. G. D. Searle & Co.*, 56 Ill. 2d 548, 309 N.E.2d 550; *Williams v. Brown Manufacturing Co.*, 45 Ill. 2d 418, 261 N.E.2d 305); legal malpractice (*Kohler v. Woollen, Brown & Hawkins*, 15 Ill. App. 3d 455, 304 N.E.2d 677); and negligent causation of personal injury (*Wigginton v. Reichold Chemicals, Inc.*, 133 Ill. App. 2d 776, 274 N.E.2d 118; *McDonald v. Reichold Chemicals, Inc.*, 133 Ill. App. 2d 780, 274 N.E.2d, 121).[2] In

---

[2] In *Auster v. Keck*, 31 Ill. App. 3d 61, 333 N.E.2d 65, the time of discovery rule was held applicable where architectural malpractice was alleged. The case is currently pending before the supreme court.

addition, the court noted with approval the application of the time of discovery rule by the courts of many of our sister States and in cases brought under the Federal Tort Claims Act (28 U.S.C. §2401(b) (1970)). See citations collected in *Olesker* at pages 135-36.

In light of these precedents the court reiterated its holding in *Rozny* that " * * * where the passage of time does little to increase the problems of proof, the ends of justice are served by permitting plaintiff to sue within the statutory period computed from the time at which he knew or should have known of the existence of the right to sue."*Olesker*, at 133.[3]

■■ We believe that the court in *Olesker* plainly indicated its intention to give wider application to the time of discovery rule.[4] In the instant case we find nothing before us to indicate that application of the rule would greatly increase the problems of proof nor is there any indication in the complaint that plaintiff was guilty of a lack of due diligence in failing to discover the alleged defects in the roof before the occurrence of a violent windstorm. From the allegations in the complaint, which on a motion to dismiss are accepted as true, November 26, 1965, appears to be the earliest possible date that plaintiff could reasonably have been expected to discover the defects in the roof, and its action, being filed within five years of that date, was not as a matter of law barred by the statute.[5]

---

[3] We note that the time of discovery rule has been held applicable in actions against contractors for negligent construction of homes or office buildings (*Bradler v. Craig* (1969), 274 Cal. App. 2d 466, 79 Cal. Rptr. 401; *Med-Mar, Inc. v. Dilworth* (1969), 214 Pa. Super. 402, 257 A.2d 910) and against a telephone company for negligent installation of underground cable. *Diamond v. New Jersey Bell Telephone Co.* (1968), 51 N.J. 594, 242 A.2d 622.

[4] Defendants have pointed to the statement of the Seventh Circuit Court of Appeals in *Gates Rubber* that the discovery rule has been applied in Illinois only in carefully circumscribed cases. In addition we note the existence of a line of cases expressly rejecting the rule, (*Coumoulas v. Service Gas, Incorporated*, 10 Ill. App. 3d 273, 293 N.E.2d 187; *Board of Education v. Perkins & Will Partnership*, 119 Ill. App. 2d 196, 255 N.E.2d 496; *Wilson v. White Motor Corp.*, 118 Ill. App. 2d 436, 254 N.E.2d 277; *Sabath v. Morris Handler Co.*, 102 Ill. App. 2d 218, 243 N.E.2d 723; *Board of Education v. Joseph J. Duffy Co.*, 97 Ill. App. 2d 158, 240 N.E.2d 5; *Simoniz Co. v. J. Emil Anderson & Sons, Inc.*, 81 Ill. App. 2d 428, 225 N.E.2d 161). However, these cases predate *Olesker* and *Auster* in which a view favoring a more general application of the discovery rule was expressed.

[5] Plaintiff, as an alternative to the application of the time of discovery rule, has contended that damage is a prerequisite to the commencement of an action and the running of the period of limitations. It argues that since it sustained no actual damages prior to November 26, 1965, that date should mark the time that the limitation period began to run. Since we have held that the time of discovery rule is applicable in the instant case and that under the rule plaintiff's action was not barred, we need not discuss this contention.

Defendants have argued that even if we hold the time of discovery rule applicable in the instant case, plaintiff's action would still be barred in that plaintiff failed to exercise "due diligence" in filing its complaint after discovery of the alleged defects. Defendants point to the fact that plaintiff did not commence this action until four years and 364 days after the first storm damaged its roof revealing the latent defects therein. We believe that this argument is without merit. In *Ronzy* the court held "*\* \* \** that the statute of limitations does not bar plaintiffs' recovery, because their cause of action 'accrued' when they knew or should have known of the defendant's error *and they clearly brought suit within 5 years of that time.*" (Emphasis added.) (43 Ill. 2d 54, 72-73.) The import of this holding is that a plaintiff may avail itself of the full five years from the time it discovers or should have discovered the tortfeasor's negligence. In the instant case plaintiff filed within the five-year period and therefore its action could not have been barred on this ground.

For the foregoing reasons the judgment entered below is reversed and the cause remanded for further proceedings.

Reversed and remanded.

LORENZ, P. J., and SULLIVAN, J., concur.