GOLDEN GRAIN MACARONI CO., Plaintiff-Appellee, *v.* KLEFSTAD
ENGINEERING CO., INC., Defendant-Appellant.

First District (3rd Division)  No. 63081

Opinion filed December 30, 1976.

Judge & Schirott, Ltd., of Park Ridge (Jay S. Judge and William W. Kurnik, of counsel), for appellant.

Richard P. Glovka and James T. Ferrini, both of Chicago (Slavin & Glovka, Ltd., and Clausen, Miller, Gorman, Caffrey & Witous, of counsel), for appellee.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion:

This is an interlocutory appeal by the defendant, Klefstad Engineering Co., Inc., an Illinois corporation, from an order denying its motion for summary judgment. Pursuant to Supreme Court Rule 308, the trial court made findings that an immediate and interlocutory appeal would substantially advance the ultimate termination of the litigation. We subsequently granted defendant leave to appeal.

In 1962 a contract was executed between the plaintiff, Golden Grain Macaroni Company, and the defendant, whereby the latter agreed to erect a one-story factory and office building in the village of Bridgeview. The structure was completed, and was accepted by plaintiff in 1963.

On August 25, 1972, a portion of the roof of the building collapsed. Plaintiff subsequently brought this action against defendant on December 14, 1972. On September 5, 1974, plaintiff filed an amended complaint in six counts charging defendant with improper design, construction, fabrication, and supervision, and seeking money damages for property damage to the building. The six counts were based on breach of contract, breach of express warranty, negligence and fraudulent concealment, breach of implied warranty, res ipsa loquitur, and products liability respectively. On November 20, 1975, the trial court denied defendant's motion for summary judgment on Counts I through V of the amended complaint. That motion was based on defendant's contention that plaintiff's cause of action was barred by section 15 of the Limitations Act. (Ill. Rev. Stat. 1971, ch. 83, par. 16). (Court VI of the amended complaint dealing with products liability is not involved in this appeal.)

The primary issue on appeal is whether the statute of limitations began running at the time of the erection of the structure in August 1963 or whether it began to run when plaintiff discovered or should have learned of the breach, defect, or negligence in August 1972.

■■ Both sides agree that the present case is indistinguishable from a case recently decided by this court. (*E. J. Korvette v. Esko Roofing Co.* (1976), 38 Ill. App. 3d 905, 350 N.E.2d 10.) In that case plaintiff filed suit charging that due to defective design work and construction workmanship as well as to the use of defective materials, defendants were responsible for wind damage to the roof of the plaintiff's warehouse. Defendants contended, and the trial court ruled, that the action was barred by the statute of limitations. This court applied the time of discovery rule, and held that the action was not as a matter of law time barred. In so holding, this court relied heavily on a decision of our supreme court. At pages 907-08, the *Korvette* court stated as follows:

"More recently, in *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.*, 61 Ill. 2d 129, 334 N.E.2d 160, the

supreme court applied the time of discovery rule in a case in which the plaintiff charged that the defendant falsely reported its financial condition to a third party. The plaintiff alleged that it first learned of defendant's defamatory report after the one-year statutory limitation period for such actions had run. (Ill. Rev. Stat. 1971, ch. 83, par. 14.) The court, in reaching its decision that plaintiff's cause of action was not barred by the statute of limitations, exhaustively discussed the applicability of the time of discovery rule. It noted that the rule has been applied in actions alleging medical malpractice (*Lipsey v. Michael Reese Hospital*, 46 Ill. 2d 32, 262 N.E.2d 450); products liability (*Berry v. G. D. Searle & Co.*, 56 Ill. 2d 548, 309 N.E.2d 550; *Williams v. Brown Manufacturing Co.*, 45 Ill. 2d 418, 261 N.E.2d 305); legal malpractice (*Kohler v. Woollen, Brown & Hawkins*, 15 Ill. App. 3d 455, 304 N.E.2d 677); and negligent causation of personal injury (*Wigginton v. Reichold Chemicals, Inc.*, 133 Ill. App. 2d 776, 274 N.E.2d 118; *McDonald v. Reichold Chemicals, Inc.*, 133 Ill. App. 2d 780, 274 N.E.2d 121). In addition, the court noted with approval the application of the time of discovery rule by the courts of many of our sister States and in cases brought under the Federal Tort Claims Act (28 U.S.C., sec. 2401(b)(1970))."

We agree with the conclusion and reasoning set forth in *Korvette*. Its principle is also supported by the holding of the supreme court in *Rozny v. Marnul* (1969), 43 Ill. 2d 54, 250 N.E.2d 656. There, the court, in discussing the time of discovery rule, stated at page 70:

"The basic problem is one of balancing the increase in difficulty of proof which accompanies the passage of time against the hardship to the plaintiff who neither knows nor should have known of the existence of his right to sue. There are some actions in which the passage of time, from the instant when the facts giving rise to liability occurred, so greatly increases the problems of proof that it has been deemed necessary to bar plaintiffs who had not become aware of their rights of action within the statutory period as measured from the time such facts occurred. (See *Skinner v. Anderson*, 38 Ill. 2d 455, 458; *New Market Poultry Farms, Inc. v. Fellows*, 51 N.J. 419, 241 A.2d 633.) But where the passage of time does little to increase the problems of proof, the ends of justice are served by permitting plaintiff to sue within the statutory period computed from the time at which he knew or should have known of the existence of the right to sue. (See *Wanless v. Peabody Coal Co.*, 294 Ill. App. 401; cf. *Eichelberger v. Homerding*, 317 Ill. App. 125.)"

Also see *Society of Mount Carmel v. Fox* (1975), 31 Ill. App. 3d 1060, 335 N.E.2d 588; *Auster v. Keck* (1975), 31 Ill. App. 2d 61, 333 N.E.2d 65, *rev'd on other grounds* (1976), 63 Ill. 2d 485, 349 N.E.2d 20.

■■ In the present case, the passage of time has not compounded the standard problems of proof. We think that the problem can be traced to drawings, plans, specifications, and materials used in the development of the building. Additionally, the passage of time has not in this instance increased the danger of a false, frivolous, fraudulent or speculative claim. We conclude, therefore, that the balancing test favors plaintiff, and we hold that the cause of action accrued on August 25, 1972, when a portion of the roof collapsed.

■■ Defendant attacks the aforementioned decisions applying the time of discovery rule principally on the grounds that the holdings have ignored the strong policy of repose reflected by the legislative reenactment of the five years statute of limitations on construction property damages cases after it had been construed by the courts. In that regard, we believe the comment of our supreme court in *Lipsey v. Michael Reese Hospital* (1970), 46 Ill. 2d 32, 40, 262 N.E.2d 450, to be pertinent:

> "Our observation in *Nudd v. Matsoukas*, 7 Ill. 2d 608, 615, in which we considered the wrongful death act, is germane: 'We do not consider that the amendment itself indicates any implied approval of our prior decisions. (See *Commissioner v. Church*, 335 U.S. 632.) We are indeed treading on dangerous ground when we purport to judge the judicial soundness of our prior opinions by the presence or absence of corrective legislation. (Cf. *Helvering v. Hallock*, 309 U.S. 106).' "

In view of our holding, it is unnecessary to consider plaintiff's contention that even if the cause of action commenced when the building was completed in 1963, the claim is covered by the 10 years statute of limitations for suits on written contracts and therefore is not barred.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

MEJDA and McGLOON, JJ., concur.