CHICAGO & SOUTHERN AIRLINES, INC., *et al.*, Plaintiffs-Appellants, *v.* VOLPAR, INC., *et al.*, Defendants-Appellees.

First District (1st Division) No. 76-825

Opinion filed November 7, 1977.—Rehearing denied December 2, 1977.

---

McBreen, Tobin & Jacobson, of Chicago (William J. Harte, of counsel), for appellants.

Heineke & Schrader, of Chicago, and Mendes & Mount, of New York, New York, for appellees.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff Chicago & Southern Airlines, Inc., leased an aircraft from plaintiff PSL Air Leasing Corporation on November 6, 1970. On November 23, 1970, while the aircraft was in a landing rollout, the left landing gear collapsed. Plaintiffs Chicago & Southern, PSL Air, S. R. D. Bell, Representative of Certain Underwriters at Lloyd's, and British Aviation Insurance, Representative of Certain Companies Subscribing to Policy Issued by them for Hull Insurance, filed a complaint seeking recovery of damages to the aircraft against defendants, Volpar, Inc., the converter of the aircraft, and Paragon Precision Products (Paragon), the manufacturer of the landing gear. Plaintiffs alleged that defendants were liable to them on theories of breach of warranty, negligence and strict liability in tort. Defendants filed a motion to dismiss the complaint, contending that the breach of warranty counts were time-barred by section 2—725 of the Uniform Commercial Code (Ill. Rev. Stat. 1975, ch. 26, par. 2—725) and the tort counts were barred by section 15 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, par. 16). The circuit court dismissed the warranty count against Volpar on February 17, 1976, and dismissed all of the remaining counts pursuant to section 48(1)(e) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 48(1)(e)) on April 12, 1976. Plaintiffs appeal, arguing that (1) their cause of action did not accrue until the date of the crash, (2) section 15 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, par. 16) is the applicable statute of limitations and (3) their tort counts for property damage are not time-barred.

The relevant events follow:
Paragon remanufactured the landing gear box on November 2, 1968.
Volpar installed the gear box in April, 1969.
PSL purchased the aircraft from Volpar on June 3, 1969.
The aircraft was relicensed on June 3, 1969.
PSL leased the craft to Chicago & Southern on November 6, 1970.
The aircraft crashed on November 23, 1970.
Plaintiffs filed their complaint on September 4, 1975.

■■■ Defendants argue that because plaintiffs' breach of warranty claim is barred by the Uniform Commercial Code statute of limitations for the sale of goods (Ill. Rev. Stat. 1975, ch. 26, par. 2—725), all of plaintiffs' other claims are barred. That contention is contrary to the state of the law. In *Berry v. G. D. Searle & Co.* (1974), 56 Ill. 2d 548, 309 N.E.2d 550, the court held that plaintiff's claim for breach of warranty was controlled by the Commercial Code's statute of limitations and the count in strict liability in tort was controlled by the two-year personal injury statute of limitations. (56 Ill. 2d 548, 559.) Although the court did not expressly rule on the relationship between the two different causes of action, it is safe to conclude that the fact that one count of the complaint was time-barred does not control the status of another count of the complaint based on an additional and distinct legal duty. (*Berry; cf. Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612, 210 N.E.2d 182.) In our opinion, the tort counts of plaintiffs' complaint are controlled by the statute of limitations for property damage actions (section 15 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, par. 16)), not by the Uniform Commercial Code (Ill. Rev. Stat. 1975, ch. 26, par. 2—725). Each count must be taken separately for analysis in light of the applicable statute of limitations.

■■ Plaintiffs argue that their tort causes of action did not accrue until the date of the collapse of the landing gear. We agree. In *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.* (1975), 61 Ill. 2d 129, 334 N.E.2d 160, the court held that plaintiff's cause of action for defamation in a credit report accrued not on the date of publication but on the date plaintiff knew or should have known of the existence of the report. (61 Ill. 2d 129, 136-38.) A cause of action for a defective roof was held to have accrued on the date of a windstorm, not on the date that the roof was completed, because the date of the windstorm was the first time that plaintiff could reasonably be expected to have discovered the defects in the roof. (*E. J. Korvette, Division of Spartan Industries, Inc. v. Esko Roofing Co.* (1976), 38 Ill. App. 3d 905, 350 N.E.2d 10.) Until the date of the crash, plaintiffs had no opportunity to know of the alleged defective condition of the landing gear. As manufactured and installed, the landing gear box was sealed. The manual which Volpar gave PSL stated that the

landing gear box was not to be inspected until 2,500 hours of use of the aircraft. As of November 23, 1970, there had been only 400 hours of use since delivery by Volpar. Clearly, plaintiffs had no opportunity to know of the defective landing gear until its collapse. The five-year statute of limitations for property damage (Ill. Rev. Stat. 1975, ch. 83, par. 16) began to run on the date of the collapse, which is when plaintiffs knew or should have known of the alleged defect. Plaintiffs' counts based on tort liability filed within five years of November 23, 1970, the date of the collapse, were timely filed.

The order dismissing counts I, III, VII and IX is reversed and the cause remanded.

Reversed and remanded.

GOLDBERG, P. J., and McGLOON, J., concur.