The Board of Education of Community High School District No. 88, DuPage County, Illinois, Plaintiff-Appellant, v. The Perkins & Will Partnership, a Partnership, Ruberoid Company, a Corporation, Peerless Insurance Company, a Corporation, Defendants-Appellees.

On Appeal of The Board of Education, Plaintiff-Appellant.

Gen. No. 69–71.

Second District.

February 5, 1970.

Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, and Kenneth S. Jacobs, of Villa Park, for appellant.

Tom L. Yates, Frederic L. Goff and Carl E. Abrahamson, of Chicago, for appellees.

PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court.

This appeal arises from an order of the trial court dismissing one count of plaintiff's complaint which is founded in negligence. Another count, not dismissed and still pending, is based upon a breach of contract.

On July 10, 1956, the plaintiff, Board of Education of Community High School District #88, entered into a contract with the architectural firm of Perkins & Will, referred to herein as defendant, to design and supervise the construction of a new high school. Plans and specifications were submitted to the plaintiff in September, 1957, and on October 15, 1957, the contracting firm of Joseph J. Duffy Company (Duffy) was awarded a construction contract.

On February 1, 1966, the plaintiff filed suit against the defendant and Duffy, alleging certain defects in construction. Process was served immediately upon the defendant, but the plaintiff either did not attempt or was unable to serve Duffy. Thereafter the defendant filed a third-party complaint against Duffy seeking indemnity in the event of liability and, in this instance, service was had upon Duffy.

Duffy filed a motion to dismiss the original action on the grounds that there had been lack of diligence in service, and also, to dismiss the third-party complaint on the grounds that the action against the defendant was barred by the statute of limitations. The trial court granted both motions.

An appeal by the defendant, from that portion of the order dismissing the third party complaint, was decided by this Court in the case of Board of Education of High School Dist. No. 88 v. Joseph J. Duffy Co., 97 Ill App2d 158, 240 NE2d 5 (1968). The plaintiff, however, did not appeal. In the previous appeal, wherein the dismissal was affirmed, it was stated at page 162:

"We conclude, therefore, that no third-party action would lie against Duffy to indemnify Perkins for liability arising out of plaintiff's negligence count, inasmuch as said count is barred by limitations. The rationale of this decision would authorize the trial court to dismiss the complaint against Perkins insofar as the negligence theory is concerned."

After our decision, the defendant presented the trial court with a motion to dismiss the remaining counts of the original complaint. The court declined to dismiss the breach of contract count but did dismiss the negligence count. The plaintiff appeals the decision which dismissed the negligence count against the defendant.

The position of the defendant is that our former decision, and particularly the language previously quoted, requires us to affirm the dismissal.

We believe that our former decision, read as a whole, does not so require. In the former case we had before us only the matter of the third-party complaint between the defendant and the contractor, Duffy. The plaintiff was not a party to that appeal. However, in that decision we conditioned our opinion when we said at page 161:

"Insofar as the plaintiff's claim against Perkins is based on alleged negligence, the claim would be barred by the statute of limitations *if such defense were not waived,* notwithstanding that the negligence may not have been discovered until re-

198

cently before the filing of the suit. As applicable here the period of limitations commences when the negligent act takes place, and is not tolled by the plaintiff's ignorance of his injury. Simoniz Co. v. J. Emil Anderson & Sons, Inc., 81 Ill App2d 428, 437–438 (1967) ; Mosby v. Michael Reese Hospital, 49 Ill App2d 336, 341–342 (1964)." (Emphasis added.)

At page 163, we further stated:

". . . and in the instant case the statute of limitations prevents Perkins from being liable in negligence, *assuming Perkins does not abandon that defense.*" (Emphasis added.)

We did not decide the waiver question because that was not presented to us. Indeed, the party who would have the right to allege waiver, that is, plaintiff, was not even before us.

■ In opposition to the motion to dismiss filed by the defendant, the plaintiff filed the affidavit of one Jack A. Monts, Director of Business Affairs for the plaintiff during the time in controversy. Attached to the affidavit were copies of correspondence covering the period January, 1960 through November, 1962. The affidavit and correspondence shows continuing efforts to resolve the various defects and controversies. We do not decide that these efforts constitute a waiver of the statute of limitations. We do decide, however, that the affidavit and correspondence present a question of fact as yet unresolved and it is fundamental that plaintiff is entitled to have its day in court on that question. We conclude, therefore, that the case must be reversed and remanded to the trial court to determine the factual question of whether or not there has been a waiver of the statute of limitations.

Following the submission of the original briefs in this case, the plaintiff has favored us with a supple-

mental brief citing a case very recently decided by our Supreme Court. The case of Rozny v. Marnul, 43 Ill2d 54, 250 NE2d 656 (1969) is cited to us because, the plaintiff argues, the case changes the rule of law in Illinois with reference to the time at which a cause of action accrues and begins the running of the statute of limitations. While a decision on this point is not absolutely necessary, we deem it appropriate to speak on the point for the guidance of the trial court to which this case is returned.

In Rozny, the Supreme Court was concerned with a surveyor's plat which proved erroneous. The error was not discovered until after the statute had run. However, suit was brought well within the statutory period if computation was made from the time of discovery. Thus the question was clearly presented—did the cause of action accrue at the time of the surveyor's negligence or did it accrue at the time of the discovery? The plat in question contained the language, "This plat of survey carries our absolute guarantee for accuracy. . . ." The Court also found a declaration of policy by the Legislature, made, it must be admitted, after the fact situation in question arose, when in the 1967 session of the General Assembly, section 30 of the Limitations Act (Ill Rev Stats 1967, c 83, § 24g) was amended to provide a four-year limitation on actions against surveyors for errors in the making of a survey. It specifically provided that a cause of action accrued ". . . after the person claiming such damages actually knows or should have known of such negligence, errors or omissions." Thereupon the Court adopted the so-called "discovery" rule and said, at page 72:

> "We accordingly hold, in keeping with the more recent authorities and the legislative policy manifested by our General Assembly, that the statute of limitations does not bar plaintiffs' recovery, be-

cause their cause of action 'accrued' when they knew or should have known of the defendant's error and they clearly brought suit within 5 years of that time."

The question presented to us is, should the discovery rule, as announced in the Rozny case, apply to all cases or should we adhere to the former rule which provided that the cause of action "accrued" when the negligence occurred. See Simoniz Co. v. J. Emil Anderson & Sons, Inc., supra.

■ It seems to us that the application of the discovery rule to all causes of action is such a broad and sweeping change in the law as to be beyond the power of the Courts. It is a matter of policy best decided by the Legislature. We recognize that in some states this burden has been accepted by the Courts, but we believe that it should not be accepted by this Court.

Such a change could cause grave consequences. For example, we need only cite the case of Rosenau v. City of New Brunswick, 51 NJ 130, 238 A2d 161. In that case the city bought sixty water meters from a manufacturer in 1942. In 1950 it installed one of these meters in the plaintiff's home. In 1964 the meter broke and caused property damage. The statute of limitations in New Jersey, at the time, provided that suits for property damage had to be brought within six years after the cause of action "accrued." The New Jersey Court held that it had power to determine when a cause of action accrued and it applied the discovery rule. In short, even though the negligence had occurred prior to 1942, a cause of action which had lain dormant for 22 years, could be brought. The rationale of the decision was that one of the elements of the plaintiff's cause of action was damage and until the damage occurred, the cause of action was not complete. This is not a particularly helpful rationale because we can conceive of

situations where the damage would occur and complete the tort and yet the plaintiff would not discover the damage until after the statute had run.

It seems to us, however, that if the statute of limitations has any justification, it is to lay controversy at rest. If we were to follow the reasoning in the Rosenau case, a person would never know the extent of their liability.

■ We distinguish the Rozny case on the following basis. First, there was an express and absolute guarantee by the surveyor, which is not true in this case. Second, the very nature of the surveyor's product is such that it cannot be easily checked by his customer, which, likewise, is not true in the present case. Third, by the time the case was decided by the Supreme Court, the Legislature had declared the policy of Illinois with reference to that type of action which, also, is not true in the instant case. The rationale of the Rozny decision was set forth by our Supreme Court when it said, at page 70:

> "The basic problem is one of balancing the increase in difficulty of proof which accompanies the passage of time against the hardship to the plaintiff who neither knows nor should have known of the existence of his right to sue. There are some actions in which the passage of time, from the instant when the facts giving rise to liability occurred, so greatly increases the problems of proof that it has been deemed necessary to bar plaintiffs who had not become aware of their rights of action within the statutory period as measured from the time such facts occurred. (Citations omitted.) But where the passage of time does little to increase the problems of proof, the ends of justice are served by permitting plaintiff to sue within the statutory period

computed from the time at which he knew or should have known of the existence of the right to sue."

It is our opinion that the Court, by the above language, did not intend to apply the discovery rule to all cases including those arising under section 15 of the Limitations Act (Ill Rev Stats 1967, c 83, § 16) but only made such rule applicable to the case before it. It is our further opinion that, in the factual situation of the instant case, the passage of time *does* increase the problems of proof and, in keeping with the Legislative intent and previous cases interpreting this section, the right of action accrued from the time the facts occurred rather than when discovered.

This case, is therefore, reversed and remanded to the trial court to determine the facts regarding the waiver of the statute of limitations and to further proceed in accordance with this opinion.

Reversed and remanded.

DAVIS and SEIDENFELD, JJ., concur.