KATHRYN A. HAYES, Plaintiff-Appellant, *v.* F. P. WEYRENS *et al.*, Defendants-Appellees.

(No. 73-89;

Third District—November 30, 1973.

Harold G. Lindholm, of Peoria, for appellant.

William J. Voelker, of Peoria, and Robert C. Stoerzbach, of Galesburg, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Kathryn A. Hayes, the plaintiff, filed a complaint against Dr. F. P. Weyrens and Eli Lilly & Company, the defendants, on September 2, 1969. In her complaint she alleges that she became ill in October, 1967, and that Dr. Weyrens, a licensed physician treated her for menopausal tension and that as part of such treatment the taking of a drug known as C-Quens was prescribed. The plaintiff further alleged negligence on the part of the defendant Weyrens in that he knew or should have known that the drug prescribed was not proper for her considering her medical history and that the defendant Eli Lilly & Company did warrant to the plaintiff that the drug was fit and safe for its intended purpose and use and would not harm her when in fact its use did harm her.

The plaintiff's deposition was taken on June 1, 1972, wherein she testified that she ceased taking C-Quens in May of 1967 and that she knew the cause of illness of which she complained was the prescribing of the C-Quens by the defendant Weyrens.

Motions for judgments were made by the defendants on the ground that the plaintiff's complaint was filed more than two years after her cause of action accrued and therefore her cause was barred by the statute of limitations. The trial court granted the motions of the defendants and this appeal stems from the entry of the court's order granting judgment in favor of the defendants.

The sole issue presented by this appeal is whether or not the trial court was correct in entering judgment for the defendants on the basis that the plaintiff's cause of action was barred by the statute of limitations.

Our statute on limitations provides that:

"Actions for damages for an injury to the person ＊ ＊ ＊ shall be commenced within two years next after the cause of action accrued." Ill. Rev. Stat., ch. 83, sec. 15.

In interpreting this statute our supreme court has held that in medical malpractice cases the cause of action accrues when the person injured learns of his injury or should reasonably have learned of it. See *Lipsey v. Michael Reese Hospital,* 46 Ill.2d 32, 262 N.E.2d 450.

■■ Without setting forth the testimony given by the plaintiff in her deposition it is suffice to say that it is indisputable that she made admissions to the effect that she had concluded that the cause of her illness was the drug known as C-Quens and that she reached this conclusion in the first five months of the year 1967. Such being the case we find the trial court's action in granting judgments to the defendants was proper since the plaintiff failed to file her complaint within two years from the date she knew the existence of a cause of action.

■■ The plaintiff argues that summary judgment should not be granted where there is a triable issue presented to the court. We fail to find the existence of such an issue. The plaintiff was a nurse engaged in the teaching of nursing. Experience, background and medical skills of a patient may be taken into consideration in determining at what point a patient should have discovered, for statute of limitation purposes, the existence of a cause of action for medical malpractice. (*Jones v. Sugar,* (Md.), 305 A.2d 219.) In the instant case the admissions of the plaintiff that she concluded that the drug C-Quens was causing her illness and that this conclusion was reached during the first five months of 1967 was not controverted nor attempted to be controverted by her. As a result there remained no triable issue before the trial court. The unequivocal answers of the plaintiff constitute admissions which standing alone entitle the defendants to summary judgment as a matter of law. (See *Fontaine v. Hadlock,* 132 Ill.App.2d 343, 270 N.E.2d 222.) The judgment for the defendant Weyrens was granted pursuant to a motion for summary judgment while the defendant Eli Lilly & Company moved for judgment pursuant to Section 48(2), Chapter 110 of the Illinois Revised Statutes. Both movants relied upon failure to comply with the statute of limitations and we conclude that the trial court was correct in granting both motions.

For the reasons set forth the judgments of the circuit court of Knox County are affirmed.

Affirmed.

DIXON and STOUDER, JJ., concur.