ANNIE O'BRYANT, Plaintiff-Appellant, *v.* IRVING STARKMAN, M.D., Defendant-Appellee.

First District (5th Division) No. 76-1555

Opinion filed October 14, 1977.

Andrew J. Feo, of Chicago, for appellant.

French & Rogers, of Chicago (Richard G. French and Timothy G. Keating, of counsel), for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

Plaintiff, Annie O'Bryant, filed a complaint against defendant, Dr. Irving Starkman, on January 23, 1976. In this complaint, plaintiff alleged that defendant's negligence was the cause of her knee injuries. On the ground that the complaint violated the applicable statute of limitations, defendant moved to dismiss the complaint with prejudice. The trial court granted defendant's motion and denied plaintiff's petition for rehearing. On appeal the issue presented is whether plaintiff's cause of action is barred by the statute of limitations.

Plaintiff, in her complaint, alleged that on January 3, 1974, she went to Garfield Park Hospital, where she sought treatment for her injured knee. At the hospital, defendant was a medical doctor and a staff resident; he attended to plaintiff's knee condition. Plaintiff further alleged that defendant released her without treatment, and she injured her leg upon returning home. As a result, plaintiff alleged negligence on the part of defendant in that he failed to X-ray her knee and that he failed to properly examine or treat her. Plaintiff claimed that she "did not discover, nor in the exercise of reasonable diligence could she have discovered the injuries caused by the defendant until March 31, 1974."

The discovery deposition of Dr. Edward Boone Brackett was taken on May 21, 1976, wherein he disclosed the following relevant facts. He was an orthopedic surgeon who became plaintiff's attending physician on January 4, 1974. On this date, plaintiff was a patient at Loretto Hospital. A fire ambulance, on January 3, 1974, had brought her to the emergency room of the hospital. Plaintiff had a history of "recurrent dislocations" of her patella (kneecap). When Dr. Brackett saw plaintiff on January 4, 1974, it was obvious that she had a dislocated kneecap. When plaintiff was asked if she had a history of knee problems similar to what was found on January 4, 1974, "she said this had occurred before, but had never stayed out. It would come out or tend to go to the side and come back." The knee was swollen. She was unable to walk on the knee, and she was in acute pain. Further, on January 4, 1974, plaintiff told Dr. Brackett "that she had gone to Garfield with the knee and that they had not done anything." After the initial physical examination and an unsuccessful

attempt to manually reduce the knee's dislocation, Dr. Brackett performed corrective surgery. He then found a fracture of the kneecap.

OPINION

■■ ■ Our statute of limitations relating to suits for medical malpractice provides that an action for damages "shall be commenced within two years next after the cause of action accrued." (Ill. Rev. Stat. 1975, ch. 83, par. 15.) In deciding when plaintiff's cause of action for damages accrued, *Lipsey v. Michael Reese Hospital* (1970), 46 Ill. 2d 32, 262 N.E.2d 450, is the controlling case. According to *Lipsey*, in medical malpractice cases, "the cause of action accrues when the person injured learns of his injury or should reasonably have learned of it." (*Lipsey*, at 40; reasserted in *Auguiano v. St. James Hospital* (1977), 51 Ill. App. 3d 229, 366 N.E.2d 930.) Plaintiff contends, citing *Lipsey*, that her cause of action accrued in March of 1974. We disagree.

We hold that January 4, 1974, was the latest date upon which plaintiff learned or reasonably should have learned of an injury caused by defendant. Thus, her cause of action accrued on January 4, 1974, the date when her action could first be instituted. (See *Myers v. Green* (1972), 5 Ill. App. 3d 816, 284 N.E.2d 349.) Our holding is based on the following facts. On January 4, 1974, plaintiff was Dr. Brackett's patient at Loretto Hospital and she knew of the dislocated kneecap. According to Dr. Brackett's undisputed discovery deposition testimony, plaintiff, on January 4, 1974, told him that she had gone to Garfield Park Hospital and "that they had not done anything." This being so, on January 4, 1974, she had a reason to believe that there might be a causative link between her physical condition and the conduct of defendant. The record reveals nothing regarding plaintiff's background which would deter us from our holding. See *Hayes v. Weyrens* (1973), 15 Ill. App. 3d 365, 304 N.E.2d 502.

■■ Since plaintiff's cause of action accrued on January 4, 1974, and her suit was filed on January 23, 1976, the action was barred by the two-year limitation period. Indeed, the purpose of a statute of limitations is to encourage diligence in the initiation of actions and to discourage the assertion of stale claims. (*Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.* (1975), 61 Ill. 2d 129, 334 N.E.2d 160.) The trial court therefore correctly granted defendant's motion to dismiss the complaint.

For the reasons presented, the circuit court's order dismissing this action is affirmed.

Affirmed.

SULLIVAN, P. J., and MEJDA, J., concur.