VIOLA C. DOLCE, Plaintiff-Appellant, *v.* NELLO P. GAMBERDINO *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 77-320

Opinion filed May 3, 1978.

Donald H. Elliott, of Chicago (Francis X. Riley, of counsel), for appellant.

Angelo Ruggiero, of Chicago, for appellee Nello P. Gamberdino.

French and Rogers, of Chicago (Michael C. Kominiarek, of counsel), for appellee LeRoy W. Gudgeon.

Mr. PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The plaintiff, Viola C. Dolce, appeals a ruling which dismissed her action for legal malpractice as barred by the statute of limitations. Her complaint alleged that the defendants, Nello P. Gamberdino and LeRoy W. Gudgeon, while individually acting as her attorneys, failed to prosecute a workmen's compensation claim relating to her husband's death.

On February 17, 1970, the plaintiff's husband, Sare R. Dolce, died in an accident at work. The plaintiff is the executor of her husband's will and his sole devisee and legatee. At the time of his death, both the plaintiff and her husband were represented by Gamberdino.

On January 6, 1971, the plaintiff sent a letter to Gamberdino dismissing him as her attorney. She asked him to bill her for his services to that date and instructed him to turn over all papers to Gudgeon, her new attorney. She suggested that the attorneys could arrange a time for the transfer.

On February 17, 1971, one year from the death of the plaintiff's

husband, the statute of limitations for filing a workmen's compensation claim for the incident expired. (Ill. Rev. Stat. 1969, ch. 48, par. 138.6(c)(3).) Neither Gamberdino nor Gudgeon filed a claim in the plaintiff's behalf, nor advised the plaintiff of the possibility of the claim.

On March 18, 1974, the plaintiff's present counsel informed the plaintiff of the workmen's compensation claim and the fact that the defendants' failure to file it could constitute legal malpractice.

On February 17, 1976, five years from the day the statute of limitations ran on the workmen's compensation claim, the plaintiff instituted this action against Gamberdino for legal malpractice.

On May 13, 1976, the plaintiff filed her first amended complaint, adding Gudgeon as a defendant. A second amended complaint alleged legal malpractice against both Gamberdino and Gudgeon as a result of their failure to file a workmen's compensation claim. The plaintiff asserted she lacked knowledge of any right to file such a claim and that she lacked any opportunity to discover such right until she had been advised of the possibility by her present counsel. In the circuit court both defendants successfully asserted the statute of limitations as a bar to the plaintiff's action against them.

The plaintiff asserts that legal malpractice cases are governed by section 15 of the Illinois Limitations Act: "* * * actions on unwritten contracts, expressed or implied, * * *, and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued." (Ill. Rev. Stat. 1975, ch. 83, par. 16.) She states that since the complaint was filed on February 17, 1976, five years from the workmen's compensation deadline, her action against each of the defendants is timely. In any event, she contends, in matters involving legal malpractice, a court must apply the "discovery rule," computing the limitations period from the time a plaintiff actually knows or should have known of the existence of injury. Under this rule, since it was not until March 1974 that she first learned of the malpractice, she had until March 1979 in which to file her action.

■■ Actions involving legal malpractice, grounded on the contractual attorney-client relationship, come within the five-year limitations period of section 15. (*Kohler v. Woolen, Brown & Hawkins* (1973), 15 Ill. App. 3d 455, 459, 304 N.E.2d 677, 679; *Maloney v. Graham* (1912), 171 Ill. App. 409, 411; *Wilson v. LeFevour* (1974), 22 Ill. App. 3d 608, 609, 317 N.E.2d 772, 773.) Traditionally, such a cause of action arises at the time of the negligent act, when the attorney breaches his duty to act skillfully and diligently in representing the plaintiff. *Maloney,* at 411; see also Annot., 18 A.L.R.3d 978 (1968).

■■■ Applying this rule to the plaintiff's action against Gamberdino for his failure to prosecute the workmen's compensation claim, we find that

the action is barred by the statute of limitations. The plaintiff discharged him as her attorney on January 6, 1971, several weeks prior to the time the workmen's compensation filing period ended. After this discharge Gamberdino had no authority to act in the plaintiff's behalf. (See *Hannah v. Hannah* (1968), 94 Ill. App. 2d 372, 375, 236 N.E.2d 783, 785; *Haring v. Godbersen* (1957), 13 Ill. App. 2d 95, 97, 141 N.E.2d 90, 92; *Fleener v. Fleener* (1970), 133 Ill. App. 2d 118, 122, 263 N.E.2d 879, 882.) He, therefore, had no further duty to the plaintiff. The arrangements for the transfer of papers do not operate to extend his liability. Any responsibility Gamberdino might have had to inform the plaintiff and her new attorney about the pending workmen's compensation limitations date must be calculated from January 6, 1971.

The cause against Gudgeon in the workmen's compensation matter is similarly barred. The plaintiff's complaint, dated May 13, 1976, is untimely since it was filed more than five years after Gudgeon's alleged negligence in failing to meet the workmen's compensation February 17, 1971, deadline.

■■ Further, in this particular case, the "discovery rule," which computes the statute of limitations from the time the plaintiff learns or should have learned of the injury, should not be used to extend the period in which the plaintiff may file the action. This cause of action did not accrue when the plaintiff asserts she learned of her injury. The circumstances of the application of the discovery rule are limited:

> "When the personal injury is not discoverable or reasonably discoverable the Illinois courts have noted the *injustice of barring a cause of action before the injured party knows that he has it* and have postponed the running of the statute of limitations to avoid injustice. [Citation.]" (Emphasis added.) *Aetna Life & Casualty Co. v. Sal E. Lobianco & Son Co.* (1976), 43 Ill. App. 3d 765, 770, 357 N.E.2d 621, 625, *aff'd sub nom. West American Insurance Co. v. Sal E. Lobianco & Son Co.* (1977), 69 Ill. 2d 126, 370 N.E.2d 804; see also *Lincoln-Way Community High School Dist. 210 v. Village of Frankfort* (1977), 51 Ill. App. 3d 602, 608, 367 N.E.2d 318, 323.

Here, where the plaintiff, by her own admission, was aware of her injury almost two years in advance of the running of the statute of limitations, there is no question of an unjust impediment. As noted by Justice John Paul Stevens, in interpreting the section 15 statute of limitations relating to property damage "[u]ntil * * * a claim is at least five years old (measured from the date the claim "accrued" in a traditional sense) there is no need for any discovery rule." (*Gates Rubber Co. v. USM Corp.* (7th Cir. 1975), 508 F.2d 603, 613; *cf.* C. F. Scott, *For Whom the Time Tolls—Time of Discovery and The Statute of Limitations*, 64 Ill. B.J. 330-31 (1976).) The traditional methods of determining accrual of a

cause of action have not been rejected. (See *West American Insurance Co. v. Sal E. Lobianco & Son Co.* (1977), 69 Ill. 2d 126, 370 N.E.2d 804.) The discovery rule is the exception to the traditional rules, to be applied only when the discovery occurs after the statute of limitations has run or when discovery occurs at a time so near the running that the action, for all practical reasons, has been barred before a party has learned of the accrual.

■■ ■ The purpose of the statute of limitations is "to discourage the presentation of stale claims and to encourage diligence in the bringing of actions." (*Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.* (1975), 61 Ill. 2d 129, 137, 334 N.E.2d 160, 164.) The discovery rule unavoidably prolongs the time between the alleged tortious incidents and trial, increasing the risk of questionable evidence and the threat of interminable liability. Therefore, it is applied to alleviate the injustice of barring a suit before a person learns of an injury only when its use would not unreasonably distort the purpose of the statute of limitations. (*Cf. Rozny v. Marnul* (1969), 43 Ill. 2d 54, 70, 250 N.E.2d 656, 664.) In the present case, the plaintiff could have filed her claims against the attorneys well within the traditional limitations period. She chose to delay the filings in both cases until after this time had elapsed. Considering the nature of this action—a tort based on the breach of an oral contract—this lack of diligence aggravated the problems the statute of limitations was meant to inhibit. While the discovery rule can be used in legal malpractice cases to mitigate hardship to a plaintiff who learns of injury after the cause has been barred (*Kohler*), to permit the action when the plaintiff had the time in which to file before the statute of limitations ran, would frustrate the purposes of the statute of limitations and relieve little or no injustice.

In almost all of the cases in which the discovery rule has been applied the discovery of the facts essential for the accrual of the cause of action occurred after the traditional limitation period had ended. See *West American Insurance Co.* (dissenting opinion); *Auster v. Keck* (1976), 63 Ill. 2d 485, 349 N.E.2d 20; *Tom Olesker's Exciting World of Fashion, Inc.; Berry v. G. D. Searle & Co.* (1974), 56 Ill. 2d 548, 309 N.E.2d 550; *Williams v. Brown Manufacturing Co.* (1970), 45 Ill. 2d 418, 261 N.E.2d 305; *Rozny; Addison v. Health & Hospital Governing Com.* (1977), 56 Ill. App. 3d 533, 371 N.E.2d 1060; *O'Bryant v. Starkman* (1977), 53 Ill. App. 3d 991, 369 N.E.2d 215; *Ilardi v. Spaccapaniccia* (1977), 53 Ill. App. 3d 933, 369 N.E.2d 144; *Lincoln-Way Community High School Dist. 210 v. Village of Frankfort; Anguiano v. St. James Hospital* (1977), 51 Ill. App. 3d 229, 366 N.E.2d 930; *Golden Grain Macaroni Co. v. Klefstad Engineering Co.* (1976), 45 Ill. App. 3d 77, 358 N.E.2d 1295; *Praznik v. Sport Aero, Inc.* (1976), 42 Ill. App. 3d 330, 355 N.E.2d 686; *Thompson v. Howard* (1975),

32 Ill. App. 3d 991, 337 N.E.2d 94; *Society of Mount Carmel v. Fox* (1975), 31 Ill. App. 3d 1060, 335 N.E.2d 588; *Kohler; Hayes v. Weyrens* (1973), 15 Ill. App. 3d 365, 304 N.E.2d 502; *Wigginton v. Reichold Chemical, Inc.* (1971), 133 Ill. App. 2d 776, 274 N.E.2d 118; *McDonald v. Reichold Chemical, Inc.* (1971), 133 Ill. App. 2d 780, 274 N.E.2d 121; *Board of Education v. Perkins & Will Partnership* (1970), 119 Ill. App. 2d 196, 255 N.E.2d 496; *Gates Rubber Co.*

The court in *E. J. Korvette v. Esko Roofing Co.* (1976), 38 Ill. App. 3d 905, 350 N.E.2d 10, however, held that the discovery rule could be used when the discovery of the injury occurred prior to the termination of the traditional limitations period although the action was filed subsequent to that time. We disagree with that decision and in light of the above discussion, would apply the discovery rule only when discovery occurs after the traditional limitation period law has expired, or when discovery occurs at a time so near the running that the action has been, for most purposes, barred.

■■ We note that the order from which the plaintiff appeals dismissed the entire complaint, not only count I which relates to the workmen's compensation claim. Count II of the complaint involves claims of the defendants' malpractice in relation to the plaintiff's husband's estate's corporate assets. We have reviewed the pleadings and find them factually inadequate to deal with the statute of limitations issue as it relates to count II. However, the plaintiff neither in argument in the circuit court nor in her appellate brief raised the issue of the statute of limitations as it relates to those claims in count II. Supreme Court Rule 341(e) states, in part, "[p]oints not argued are waived * * *." (Ill. Rev. Stat. 1977, ch. 110A, par. 341(e)(7).) While this is not a jurisdictional edict and the rule can be relaxed (*Hux v. Raben* (1967), 38 Ill. 2d 223, 230 N.E.2d 831), such relaxation would be inappropriate here. We affirm the decision of the circuit court of Cook County.

Affirmed.

McNAMARA and SIMON, JJ., concur.