NOTICE

Decision filed 05/17/07. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-06-0316

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| JEAN LONGSTREET, Individually and Special Administrator of the Estate of James Longstreet, | ) Appeal from the<br>) Circuit Court of<br>) Madison County.<br>) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) No. 03-L-35 |
| | ) |
| COTTRELL, INC., LISA SHASHEK, CASSENS & SONS, INC., CASSENS CORPORATION, GENERAL MOTORS CORPORATION, and Unknown Defendants, | ) <br>) <br>) <br>) <br>) Honorable<br>) A. A. Matoesian, |
| Defendants-Appellees. | ) Judge, presiding. |

_____

JUSTICE CHAPMAN delivered the opinion of the court:

We granted the plaintiff's Supreme Court Rule 308 (155 Ill. 2d R. 308) application for leave to appeal on July 28, 2006. The basis of that application was the trial court's June 16, 2006, order granting Cottrell, Inc.'s motion to bar the use of James Longstreet's discovery deposition as evidence at a trial. All the defendants joined in this motion. We affirm.

James Longstreet was employed as a truck driver hauling cars for a Missouri-based employer. At the time of his alleged injuries, he was operating a rig[1] believed to have been manufactured by Cottrell, Inc. (Cottrell). James Longstreet alleged that on several dates extending from 2001 through 2003, he had sustained bodily injuries as a result of incidents

_____

[1]We use the term "rig," which is used by the plaintiff in her complaint. The plaintiff does not seem to distinguish it from a tractor or a trailer, but she uses the term "rig" in place of any combination of the individual terms, tractor and/or trailer.

1

with the rig's ratchet system in which chains broke. He also claimed that during the same time frame, he slipped on the rigs while performing his job duties, sustaining alleged injuries. According to the Longstreets' complaint, all the defendants maintained some relationship to the rigs in question on the dates of the alleged accidents. Jean Longstreet filed claims against all the defendants for a loss of consortium.

Discovery in this case began. On October 27, 2004, James Longstreet gave his discovery deposition. James Longstreet developed cancer. The date on which he and his attorneys became aware of the cancer is not indicated in the record. On May 26, 2005, James Longstreet succumbed to the cancer and died. Thereafter, his attorneys filed a suggestion of death and sought to have Jean Longstreet substituted as the plaintiff in her capacity as the administrator of her deceased husband's estate.

Approximately one year later, Cottrell filed its motion to bar the use of James Longstreet's discovery deposition. In the motion Cottrell's attorney stated that it was "believed that Plaintiff will attempt to use the discovery deposition of Mr. Longstreet as an evidence deposition in this litigation." After a lengthy hearing on this motion, the trial court concluded on June 16, 2006, that the motion should be granted. At the request of counsel for Jean Longstreet, the trial court certified the question pursuant to Supreme Court Rule 308 as involving a question of law about which there is a substantial basis for a difference of opinion.

Upon application to this court, on July 28, 2006, we granted Jean Longstreet's request for leave to appeal pursuant to Supreme Court Rule 308. The certified question is as follows:

> "Whether the Estate of a deceased party can introduce the discovery deposition of the deceased party as evidence at trial as an exception to the hearsay rule under Illinois S. Ct. Rule 212(a)(3) in light of the language in Illinois Supreme Court Rule 212(a)(5)."

2

We are asked to review and interpret a supreme court rule, and thus our review is *de novo* (*In re Estate of Rennick*, 181 Ill. 2d 395, 401, 692 N.E.2d 1150, 1154 (1998)). On appeal, the goal of the court is to interpret the rule by ascertaining and giving effect to the drafter's intentions. *In re Estate of Rennick*, 181 Ill. 2d at 404-05, 692 N.E.2d at 1155.

Although a supreme court rule is not a statute enacted by the Illinois legislature, the interpretation of a rule should follow the same guidelines as statutory interpretation (*In re Estate of Rennick*, 181 Ill. 2d at 404, 692 N.E.2d at 1155), in that each section must be construed consistently with the other sections and subsections (*Bonaguro v. County Officers Electoral Board*, 158 Ill. 2d 391, 397, 634 N.E.2d 712, 714 (1994)).

Furthermore, the words utilized by the Illinois Supreme Court should be given their plain, ordinary, and popularly understood meanings, as are the words utilized in statutory sections. See *Nix v. Whitehead*, 368 Ill. App. 3d 1, 5, 856 N.E.2d 1111, 1115 (2006).

Supreme Court Rule 212(a)(5) provides:

"(a) *** Discovery depositions taken under the provision of this rule may be used only:

*  *  *

(5) upon reasonable notice to all parties, as evidence at trial or hearing against a party who appeared at the deposition or was given proper notice thereof, if the court finds that the deponent is neither a controlled expert witness nor a party, the deponent's evidence deposition has not been taken, and the deponent is unable to attend or testify because of death or infirmity, and if the court, based on its sound discretion, further finds such evidence at trial or hearing will do substantial justice between or among the parties." 210 Ill. 2d R. 212(a)(5).

Neither side disputes that this portion of Supreme Court Rule 212 would absolutely bar the

use of James Longstreet's discovery deposition, because he was a party to the case.

Jean Longstreet contends that each subparagraph of Supreme Court Rule 212(a) can be read in isolation, and not conjunctively. Utilizing this theory, Jean argues that Supreme Court Rule 212(a)(3) (210 Ill. 2d R. 212(a)(3)) would allow the use of her husband's discovery deposition testimony. Rule 212(a)(3) states as follows:

"(a) *** Discovery depositions taken under the provision of this rule may be used only:

* * *

(3) if otherwise admissible as an exception to the hearsay rule[.]" 210 Ill. 2d R. 212(a)(3).

The grammatical conjunction connecting the five subparagraphs of Supreme Court Rule 212(a) is the word "or," and the use of that word could theoretically support Jean Longstreet's contention that each subparagraph operates independently so that if the deposition was admissible under subparagraph (3), the prohibition of subparagraph (5) would be irrelevant.

Jean Longstreet specifically contends that her husband's discovery deposition would qualify as former testimony. She correctly states that Illinois has adopted the former-testimony exception to the hearsay rule. See *Wilkerson v. Pittsburgh Corning Corp.*, 276 Ill. App. 3d 1023, 659 N.E.2d 979 (1995). Generally speaking, under this hearsay exception, earlier testimony can be admitted into evidence if the proponent of that testimony can show that the witness is unavailable and the witness was the subject of competent cross-examination in that prior testimony. See *Wilkerson*, 276 Ill. App. 3d at 1035, 659 N.E.2d at 987. Arguing that her husband's death naturally establishes his unavailability and that, in taking his deposition, the defendants competently cross-examined him, she contends that the use of his discovery deposition at the trial would meet the exception's requirements.

4

Jean Longstreet further contends that the supreme court prohibition against the use of a deceased party's discovery deposition in Rule 212(a)(5) would not be rendered pointless by an application of the former-testimony hearsay exception in this case. She argues that the former-testimony exception mandates a finding that the cross-examination of the decedent was competent. She essentially claims that the former-testimony exception to the hearsay rule is not independent of Rule 212(a)(5). In other words, Jean contends that Rule 212(a)(5) only prohibits the use of a deceased party's discovery deposition if it can be shown that the opponents did not have the opportunity to competently cross-examine the decedent during that deposition. Although this language is not expressly contained within Rule 212(a)(5), Jean urges us to conclude that so long as the defendants satisfied this unwritten "competent cross-examination" rule, the prohibition as stated in the rule would not operate to bar this deposition testimony.

While we follow this argument, we remain unconvinced that the Illinois Supreme Court contemplated this exception to the prohibition of the use of a deceased party's discovery deposition. As said previously, the most reliable indicator of the intent of the court is found in the wording used in the rule with its ordinary meaning. *Nix*, 368 Ill. App. 3d at 5, 856 N.E.2d at 1115. Supreme Court Rule 212(a)(5) very clearly, and without qualification, excludes the use of a deceased party's discovery deposition.

We find further support for the prohibition of Rule 212(a)(5) in Supreme Court Rule 212(b)(1) (210 Ill. 2d R. 212(b)(1)), which provides a means by which a deceased party's evidence deposition can be introduced into evidence. That rule states, "All or any part of *** evidence depositions may be used for any purpose for which a discovery deposition may be used, and may be used by any party for any purpose if the court finds that at the time of the trial *** the deponent is dead ***." 210 Ill. 2d R. 212(b)(1). An inference raised by this rule is that only the evidence deposition of a party is allowable in the situation arising from

the party's death. In *dicta*, the Fourth District of the Illinois Appellate Court concluded that this was correct, declining to recognize any possibility that Supreme Court Rule 212(a)(3) would sanction the use of a deceased party's discovery deposition. *Overcast v. Bodart*, 266 Ill. App. 3d 428, 433, 639 N.E.2d 984, 987 (1994).[2]

In support of her position, Jean Longstreet cites numerous cases. None of these cases are on point for the theory she advances. See *People v. Hansen*, 352 Ill. App. 3d 40, 815 N.E.2d 848 (2004) (involving former testimony given at an evidentiary hearing on the defendant's postconviction petition–not a discovery deposition); *Rizzo v. Board of Fire & Police Commissioners of the Village of Franklin Park, Cook County*, 33 Ill. App. 3d 420, 337 N.E.2d 735 (1975) (involving the sworn testimony of witnesses–not the testimony of a party–provided in an earlier proceeding); *People v. Sutton*, 260 Ill. App. 3d 949, 631 N.E.2d 1326 (1994) (involving evidentiary testimony provided by a police officer in a preliminary hearing in court); *Wilkerson v. Pittsburgh Corning Corp.*, 276 Ill. App. 3d 1023, 659 N.E.2d 979 (1996) (allowing a nonparty coworker's deposition from a prior trial, but it is not clear from the opinion whether the deposition was classified as discovery or evidentiary); *O'Bryant v. Starkman*, 53 Ill. App. 3d 991, 369 N.E.2d 215 (1977) (relying on a discovery deposition of a physician in ruling on a motion to dismiss–not as former testimony); *United States v. Mann*, 161 F.3d 840, 860-61 (5th Cir. 1998) (interpreting Fed. R. Evid. 804(b)(1)–not Supreme Court Rule 212).

Jean Longstreet additionally argues that the supreme court impliedly adopted Rule 804 of the Federal Rules of Evidence in *People v. Johnson*, 118 Ill. 2d 501, 509, 517 N.E.2d 1070, 1074 (1987). From this perceived adoption of Rule 804 of the Federal Rules of Evidence, Jean Longstreet's argument continues that, in so doing, the supreme court authorized the use of her deceased husband's discovery deposition testimony.

---

[2]*Overcast v. Bodart* was decided prior to the adoption of Rule 212(a)(5).

Rule 804(b)(1) of the Federal Rules of Evidence allows the use of a discovery deposition at the trial if the witness is unavailable and if the opposing party has had an opportunity or motive to develop that witness's testimony by direct, cross-, or redirect examination. Rule 804(a) provides the definition of unavailability and includes death as a rationale. Fed. R. Evid. 804(a).

*People v. Johnson* involved a defendant charged with aggravated indecent liberties with a child and the defendant's right to confront his five-year-old accuser. *Johnson*, 118 Ill. 2d at 502, 517 N.E.2d at 1071. The Illinois Supreme Court held that the defendant's conviction must be reversed because the videotaped deposition of the child conducted out of the defendant's presence (but while the defendant was watching on camera) was inappropriate. *Johnson*, 118 Ill. 2d at 509-10, 517 N.E.2d at 1074. The use of this evidence deposition was inappropriate because the situation did not qualify as one involving an "unavailable" witness. *Johnson*, 118 Ill. 2d at 509-10, 517 N.E.2d at 1074. The child's unwillingness to testify did not qualify as making the witness unavailable. *Johnson*, 118 Ill. 2d at 509, 517 N.E.2d at 1074. Supreme Court Rule 414 (134 Ill. 2d R. 414), which deals with the use of evidence depositions in a criminal case, does not define the term "unavailable." The unavailability of the witness in a criminal case forms the foundation for the use of an evidence deposition. In *People v. Johnson*, the supreme court turned to Rule 804(a) of the Federal Rules of Evidence for guidance, because the term "unavailability" is extensively defined there:

> "While we do not necessarily adopt Rule 804 as an exhaustive definition of 'unavailable' under Illinois law, we do embrace the general principles reflected therein. The general thrust of the rule makes clear that 'unavailability' is a narrow concept, subject to a rigorous standard." *Johnson*, 118 Ill. 2d at 509, 517 N.E.2d at 1074.

7

While the supreme court borrowed the definition of "unavailability," contrary to Jean's argument the supreme court stopped short of an outright adoption of Rule 804 of the Federal Rules of Evidence–explicitly or by implication.

The outright adoption of this type of federal rule, which, by way of a hearsay exception, would authorize the use of a deceased party's deposition, would conflict with Illinois procedural law distinguishing discovery and evidence depositions. Illinois is unique in distinguishing between discovery and evidence depositions. See M. McNabola, *It's Time to Move Beyond Separate Discovery and Evidence Depositions in Illinois*, 92 Ill. B.J. 344 (1966). Illinois is currently the only state promoting these separate deposition uses.

The distinction between federal law and Illinois law relative to the use of a discovery deposition stems from the long-standing history in Illinois of the use of separate discovery and evidence depositions.

Prior to the legislature's enactment of the procedural reforms of the Civil Practice Act, effective January 1, 1934 (1933 Ill. Laws 784), and the Illinois Supreme Court's adoption of "Rules of Practice and Procedure," also effective January 1, 1934 (355 Ill. R. 1 *et seq.*), Illinois generally followed English procedure–a practice abandoned earlier by a majority of the states that had already adopted procedural rules. See G. Ragland, Jr., *Edson R. Sunderland's Contribution to the Reform of Civil Procedure in Illinois*, 58 Mich. L. Rev. 27 (1959). Supreme Court Rule 19 dealt with discovery methods, including depositions, and made no distinction between the discovery and evidentiary formats utilized today. 355 Ill. R. 19.

On September 19, 1955, the Illinois Supreme Court adopted revised "Rules of Practice and Procedure." 7 Ill. 2d R. 1 *et seq.* These rules, which took effect on January 1, 1956, contained numerous changes from the previous rules, including several completely new rules relative to depositions. Supreme Court Rule 19-10 set forth the distinction between

8

discovery and evidence depositions. Regarding discovery depositions, the rule stated as follows:

"Discovery depositions may be used only (a) for the purpose of impeaching the testimony of deponent as a witness in the same manner and to the same extent as any inconsistent statement made by a witness; or (b) as an admission made by a party or by an officer or agent of a party in the same manner and to the same extent as any other admission made by that person; or (c) if otherwise admissible as an exception to the hearsay rule." 7 Ill. 2d R. 19-10(2).

The rule contains no mention of the use of discovery depositions of a party. The portion of Rule 19-10 dealing with evidence depositions does make reference to a party's deposition and provides, "All or any part of an evidence deposition, whether or not the deponent is a party, may be used by any party for any purpose if the court finds that at the time of the trial[] (i) the deponent is dead[.]" 7 Ill. 2d R. 19-10(3)(b)(i).

With various amendments over the past 50 years, the supreme court has kept the difference between discovery and evidence depositions intact. Supreme Court Rule 202 explains that the deposition notice or order must specify the type of deposition intended, and in the absence of that specification, the deposition would be treated solely as a discovery deposition. 166 Ill. 2d R. 202. The distinction is meaningful to practicing attorneys, because the discovery format provides a great deal of exploratory freedom. The trade-off for that freedom is the supreme court's limitations on the use of discovery depositions at a trial. M. McNabola, *It's Time to Move Beyond Separate Discovery and Evidence Depositions in Illinois*, 92 Ill. B.J. 344, 345 (1966) (citing J. Kinsler, J. Grenig, & L. Nale, 10 Ill. Prac., *Civil Discovery* §2.11 (2000)).

The subparagraph at issue, Supreme Court Rule 212(a)(5), "was added in 2001 to permit a discovery deposition to be introduced in evidence at trial or hearing under specified

circumstances." 210 Ill. 2d R. 212, Committee Comments, at lxxx. The "specified circumstances," which do include the death of a witness, expressly and unambiguously exclude the deposition of a party.

The policy in Illinois, as established by the Illinois Supreme Court, specifically disallows the interpretation advanced by Jean Longstreet. Given the express prohibition of the use of a deceased party's discovery deposition in Rule 212(a)(5), we are not able to interpret Rule 212(a)(3) to let in portions or the entirety of such a deposition as former testimony. There is no Illinois case law or treatise language directly on point supporting Jean Longstreet's theory throughout the 50-plus years that Illinois has recognized the two types of depositions.

Jean Longstreet argues that her theory must be correct because Rule 212(a)(3) must stand for "something." The rule does have applications other than the former-testimony exception she proposes. Certainly, if James Longstreet's discovery deposition contains any sort of judicial admission beneficial to the proof of his case, then that judicial admission would be admissible, even though contained within a discovery deposition. See *In re Estate of Rennick*, 181 Ill. 2d at 405-06, 692 N.E.2d at 1155-56.

In light of the clear and unambiguous wording of Supreme Court Rule 212(a)(5), we find that the trial court's ruling, granting the motion to bar Jean Longstreet's use of her husband's discovery deposition at a trial, was correct. For the reasons stated in this order, we conclude that the judgment of the circuit court of Madison County is hereby affirmed.


Certified question answered; judgment affirmed.


WELCH, P.J., and GOLDENHERSH, J., concur.


10

NO. 5-06-0316

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | |
|---|---|
| JEAN LONGSTREET, Individually and Special Administrator of the Estate of James Longstreet, | ) Appeal from the<br>) Circuit Court of<br>) Madison County.<br>) |
| Plaintiff-Appellant, | )<br>) |
| v. | ) No. 03-L-35<br>) |
| COTTRELL, INC., LISA SHASHEK, CASSENS & SONS, INC., CASSENS CORPORATION, GENERAL MOTORS CORPORATION, and Unknown Defendants, | )<br>)<br>)<br>)<br>) Honorable<br>) A. A. Matoesian, |
| Defendants-Appellees. | ) Judge, presiding. |

**Opinion Filed**:      May 17, 2007

**Justices**:      Honorable Melissa A. Chapman, J.

Honorable Thomas M. Welch, P.J., and
Honorable Richard P. Goldenhersh, J.,
Concur

**Attorney for Appellant**      Thomas G. Maag, Wendler Law, P.C., 900 Hillsboro, Suite 10, Edwardsville, IL 62025

**Attorneys for Appellees**      Karen L. Kendall, 124 SW Adams Street, Suite 600, Peoria, IL 61602 (attorney for Cottrell, Inc.)

Maureen A. McGlynn, McGlynn & Luther, 500 North Broadway, Suite 1515, St. Louis, MO 63102 (attorney for Daimlerchrysler Corp.)